## HEISER v. VAN DYKE, MARTIN & CO.

Jury and verdict: SEPARATION OF JURY. A verdict was agreed upon after the adjournment of the court, in the night, and was, *without the consent of the parties*, sealed up by the jury, and by them placed in the hands of their bailiff, to be by him delivered to the clerk, whereupon the jury separated. The bailiff delivered the sealed verdict to the clerk, and the same was the next morning read in open court and assented to by the jury as their verdict. *Held*, that there were no irregularities sufficient to invalidate the verdict. Following *Cook & Owsley* v. *Walters*, 4 Iowa, 72.

### Appeal from Lee District Court.

### THURSDAY, JUNE 24.

THE facts material to the question made in this case are as follows : There was a jury trial lasting ten days ; the jury retiring to deliberate upon their verdict about 12 o'clock M. of the 21st Feb., 1868. In the evening of that day, the judge said to the officer in charge of the jury, if they agreed, report to him and he would come to the court room and receive the verdict; if he was not at his chambers, that the verdict should be sealed and reported the next morning. On the 22d, when court met, the jurors were called, and responded to the usual inquiry, that they had agreed upon their verdict. The verdict, then in the hands of the clerk, was read, and they were asked if this was their verdict, and they all said that it was. Defend-

ants asked that the jury be polled, which was ordered, and each juror stated that this was his verdict.

It seems that the verdict was agreed upon about 4 o'clock A. M., of the 22d, sealed, placed in the hands of the sworn bailiff, to be by him handed to the clerk, which he did. Upon these facts, and because of these claimed irregularities, defendants moved to set aside the verdict. The motion was overruled. Judgment on the verdict (in $296.50 for defendants' negligence as owners of a ferry in not having suitable and safe approaches thereto, whereby, etc.), and defendants appeal.

*Rankin & McCrary* for the appellants.

*Gilmore & Anderson* for the appellee.

WRIGHT, J. — In overruling this motion the court below did not err. The Code of 1851 (§§ 1780–1786) is not unlike the provisions of Revision, sections 3062–3076.

The case of *Cook & Owsley* v. *Walters* (4 Iowa, 72) was decided in 1856, under the Code of 1851, and clearly sustains this ruling. There the jury separated without the leave of the court or the consent of the parties. It was held that the separation did not necessarily make the verdict void, nor so taint it as to prevent its reception. Not being otherwise attacked (and the same is true in this case) it was held good, and see the many cases there cited, also *Miller* v. *Mabon*, 6 Iowa, 456; *Morrison* v. *Overton*, 20 id. 465; *Hamilton* v. *Barton*, id. 505.

Affirmed.