HANNAH M. KENYON, Administratrix, Appellee, v. ILLINOIS
CENTRAL RAILROAD COMPANY, Appellant.

**APPEAL AND ERROR:** Subsequent Appeals—Law of Case. Where
the plaintiff's evidence is substantially the same on the second
trial as on the first trial, the finding of the Supreme Court
that the evidence was sufficient to make a prima-facie case on
the first trial is binding on the trial court to the effect that a
prima-facie case is made on the second trial.

**EVIDENCE:** Weight and Sufficiency—Negativing Affirmative Mat-
ter Creates Conflict. That the defendant has introduced testi-
mony tending to negative any affirmative matter which plaintiff
is bound to prove, or tending to negative the inferences that
might be drawn from plaintiff's evidence, does nothing more
than create a conflict between plaintiff's testimony and de-
fendant's testimony on these points.

**MASTER AND SERVANT:** Assumption of Risk—Burden of Proof
—Jury Question. To establish the defense of the assumption
of the added risk which arises when defendant has been guilty
of some negligence out of which the risk arose, the burden, both
under the state practice and under the Federal Employers'
Liability Act, is on the defendant, and whether such risk was
assumed by the employee is a question of fact for the jury.

**MASTER AND SERVANT:** Assumption of Risk—Knowledge and
Appreciation of Danger. The servant assumes the added risk
of the master's negligence where he knows and appreciates the
peril incident to its existence, and continues in the employment
without complaint, and without promise of repairs.

**NEGLIGENCE:** Contributory Negligence—Federal Employers' Lia-
bility Act. Under the Federal Employers' Liability Act, the
contributory negligence of the employee does not defeat recov-
ery, and may be considered by the jury only as to its effect on
the diminution of damages.

**MASTER AND SERVANT:** Duties and Liabilities of Master—De-
fective Appliances—Assumption of Risk. If an appliance fur-
nished by the master is defective, or becomes out of repair so
as to render it unsafe for use, and he has knowledge of this
fact for such a length of time before the injury that it could
be remedied, he is liable for the injury resulting from the fact,

unless the employee had assumed the added hazard, and had waived the negligence of the master in permitting the hazard, regardless of whether it was a standard appliance or not.

*Appeal from Buchanan District Court.*—CHAS. W. MULLAN, Judge.

### JULY 7, 1919.

### REHEARING DENIED OCTOBER 14, 1919.

ACTION to recover damages for personal injuries resulting in death, brought under the Federal Employers' Liability Act. Verdict and judgment for the plaintiff in the court below. Defendant appeals.—*Affirmed.*

*R. W. Hasner, Helsell & Helsell, Blewett Lee,* and *W. S. Horton,* for appellant.

*Dutcher, Davis & Hambrecht, Tourtellot & Donnelly,* and *V. L. Belt,* for appellee.

GAYNOR, J.—This case has been three times tried to a jury. On the first trial, the court directed a verdict for the defendant at the close of ·plaintiff's testimony, on the ground that the plaintiff had produced no evidence upon which the jury could properly find the defendant chargeable with negligence. An appeal was taken to this court, and an opinion filed, reversing the action of the trial court. Justice Weaver, speaking for the court, said:

"We are of the opinion, however, that the evidence, if believed by the jury, was sufficient to sustain a finding that the penstock was in a defective condition, that defendant had notice of such defective condition in ample time to have remedied it before the accident, and that its failure to remedy the defect was the proximate cause of the death of plaintiff's intestate; in other words, we hold that the

plaintiff, *upon the record as made, was entitled to go to the jury."*

The court further said:

"This is an action under the Federal statute, and the contributory negligence, if any, of the deceased will not necessarily defeat a recovery by plaintiff, and the plea of assumption of risk is affirmative in character, and the plaintiff was not required to negative it in order to make a prima-facie case."

For a statement of the facts and the holding of the court, see 173 Iowa 484. This sent the case back to the district court for retrial.

A second trial was had in October, 1916, which resulted in a verdict for the plaintiff for $7,500. This verdict was set aside by the trial court, on motion of the defendant. A third trial was had in March, 1918, resulting in a verdict and judgment for the plaintiff for $8,000. It is from this trial and this judgment that the defendant brings this case here for reconsideration. The plaintiff's evidence is substantially the same, on this trial, as on the first trial. The finding of this court, therefore, that the evidence was sufficient, was binding on the trial court, on this court, and on the parties. If the plaintiff made a prima-facie case then, she has made a prima-facie case now.

1. APPEAL AND ERROR: subsequent appeals: law of case.

We note that the first twelve assignments of error relied on by the defendant for reversal, involve the sufficiency of the evidence to justify the verdict and judgment. If plaintiff's evidence was sufficient to take the case to the jury, it cannot be said that there was not sufficient evidence to justify a verdict in favor of the plaintiff, if based on that evidence. We therefore, in the consideration of this appeal, must assume that the evidence on plaintiff's part, at the time plaintiff rested, was sufficient to make a prima-facie case, and to justify the submission of the case

to the jury on plaintiff's showing, and that, on her evidence, the jury might find a verdict for her, if they believed her witnesses' version of the transaction. We therefore are not called upon to review the record touching this point again. See *Johnson v. City of Ames,* 181 Iowa 65; *Bruce v. Galvin,* 183 Iowa 145.

However, on this trial, the defendant introduced evidence on its own behalf. This evidence, in its general scope and purpose, tends either to negative some matter claimed by the plaintiff, on which she relied for recovery, and to establish which she offered the evidence, or it tends to negative the legitimate inferences that might be drawn from her testimony in support of her contention. The balance of this evidence goes no further than to support defensive matters urged by the defendant as to which the burden of proof rested on the defendant. Now, the fact that the defendant has introduced negative testimony,—that is, testimony tending to negative the affirmative matter which plaintiff is bound to prove, or evidence which tends to negative the inferences that might be drawn from the evidence which plaintiff introduced,—does nothing more than to create a conflict between plaintiff's testimony and the defendant's testimony on these points. The burden was on the defendant to show that the plaintiff had assumed the risk to which his injury is traceable. The assumption of risk relied upon is not the ordinary assumption of risk, recognized as such by the general term "assumption of risk," but rather, the assumption of the added risk which arises when it is made to appear that the defendant has been guilty of some negligence out of which the risk arose. The defendant then escapes the consequences of its negligence, by showing that the risk was known to the plaintiff's intes-

2. EVIDENCE: weight and sufficiency: negativing affirmative matter creates conflict.

3. MASTER AND SERVANT: assumption of risk: burden of proof: jury question.

tate, and the hazards that attended the risk appreciated, and that he continued in the employment without complaint, and without promise of repair; for it is only on this showing that it can be said that he assumed the added risk incident to defendant's negligence, or waived the negligence. Plaintiff cannot be heard to complain of an injury that was traceable to the risk which deceased thus assumed. To establish this defense, the burden clearly, both in this state and under the Federal Employers' Liability Act, is on the defendant. Whether he did or did not assume this risk is a question of fact for the jury. The facts essential to establish this defense are that, if the risk existed, and was the product of defendant's negligence, plaintiff's intestate knew it existed, knew and appreciated the peril incident to its existence, and continued in the employment, without complaint, and without promise of repair. If the injury is traceable to the very condition so existing, plaintiff cannot be heard to complain; because, by the act of continuing in his employment, knowing the peril incident to the condition, without complaint, he is held to have assumed the added risk, or to have waived the negligence of the defendant. This is so clearly a question for the jury, under this record, that we do not stop to discuss the evidence upon this point. It was a fair question for the jury, at least, under the evidence submitted, with the burden on the defendant to show all the facts essential to bring the plaintiff within the rule.

4. MASTER AND SERVANT: assumption of risk: knowledge and appreciation of danger.

Contributory negligence, under the Federal Employers' Liability Act, does not defeat recovery, and may be considered by the jury only in its effect upon the amount of damages that should be allowed. The risks which the plaintiff's intestate assumed by his employment were those risks which, of necessity, are incident to the business in which he is engaged. He is presumed to

5. NEGLIGENCE: contributory negligence: Federal Employers' Liability Act.

receive extra compensation for the hazards thus assumed, and he cannot complain of injuries which result from those ever-present risks—risks which cannot, by the exercise of reasonable care for the safety of the servant, be avoided or done away with. But he does not assume risks which arise out of the negligence of his employer, unless he knows of the existence of the condition produced by the employer's negligence; knows that there is increased hazard attending his occupation, caused by the defect or negligent act; and continues the employment without complaint and without promise of repair. The law then says to the servant:

"You knew this defect; you knew that the defect rendered the place, or the duties you assumed, more hazardous, and yet you continued to work, with knowledge of the defect, with knowledge of the hazard, knowing that it imperiled your safety, and did this without complaint and without promise of repair. You therefore have waived this act of negligence, and now that you have been injured by reason of the very condition which you knew existed, and which you knew imperiled your safety, you cannot be heard to complain, because you made no complaint and received no promise of repair,—no encouragement to go on under the hazardous conditions."

So we say that, under the record here presented, in view of the holding on the former appeal, there was a question for the jury upon the whole issue as to the plaintiff's right to recover.

The questions in this case are simple, and have often been discussed by this court; and no amount of learning can rob them of their simplicity. It is the ordinary case of negligence and injury, with the ordinary rules of law applicable thereto. There is no new or unusual situation here; no new entanglement of law and facts that requires unraveling. The simple question is: Was the device furnished deceased for his use defective? Did the defendant have no-

6. MASTER AND SERVANT: duties and liabilities of master: defective appliances: assumption of risk.

tice of this defect in time to repair it before the injury? If it was defective, and the defendant had notice of the defect in time to repair it, and failed to repair it, and the plaintiff's intestate, in the exercise of ordinary care, was injured as a proximate result of the defect, the defendant is liable, unless the defendant is able to show, by a preponderance of the evidence, that the defect was known to the deceased prior to the injury; that he knew the hazard that attended its use with the defect, and continued to use it, without complaint and without promise of repair. It does not matter whether it was a standard appliance or not. If it became out of repair, so as to render it unsafe for use, and the defendant had knowledge of this fact for such a length of time before the injury that it could have remedied the defect, it is liable for the injury resulting from the defect, unless it is shown, under the rules hereinbefore stated, that the plaintiff had assumed the added hazard, and had waived the negligence of the defendant in permitting the hazard.

Many errors are assigned. In some of these, defendant does not attempt to comply with the requirements of the rules of this court. Though made in the assignment, we must assume that counsel did not consider them of sufficient importance, in the determination of this case, to urge them upon our attention. The alleged errors properly assigned relate to the refusal of the court to give instructions offered by the defendant, and to the giving of incorrect, contradictory, and misleading instructions on its own motion. We say that an examination of the instructions given shows the law correctly presented. There is certainly nothing in the instructions of which the defendant can in the least complain. All the instructions asked, so far as they involve correct propositions of law, and so far as they are applicable to the issues to be considered by the jury, are fully and correctly stated in the instructions given by the

court. Their refusal was not prejudicial to defendant. There certainly is nothing in the instructions, or in the refusal to give instructions, of which the defendant can complain, or on which defendant has any right to predicate error.

On the whole record, we find no ground for reversal, and the case is, therefore,—*Affirmed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.