ISRAEL CAPLAN, Appellant, v. PETER REYNOLDS, Appellee.

**NEGLIGENCE: Acts Constituting—Backing Motor Vehicle.** It is not
1 necessarily negligent for the owner to "back" his motor vehicle along his own private driveway, when he might have passed out of such driveway by driving forward.

**APPEAL AND ERROR: Waiver by Failing to Object.** Failure to
2 object, *until after verdict,* to the use in argument of nonintroduced testimony, works a waiver of misconduct.

**TRIAL: Instructions—Paraphrasing Grounds of Negligence.** In pre-
3 senting several specifications of negligence which constitute but a single thought, the court may very properly paraphrase.

**TRIAL: Sealed Verdict Without Consent of Counsel.** A sealed verdict,
4 returned on the authority of the court, but without the consent of counsel, will not be set aside, in the absence of a showing of prejudice.

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

`MAY 6, 1921.

ACTION at law to recover damages for personal injury. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*James C. Hume,* for appellant.

*Sullivan & Sullivan,* for appellee.

WEAVER, J.—The plaintiff is a baker, and, at the time in question, was engaged in delivering bread to his customers in the city of Des Moines. For this service he made use of an auto car. The defendant was a resident of the city, living on the north side of Dean Avenue, a street running east and west. Immediately adjacent on the west of defendant's home was the home of Mrs. Grimm, one of the customers of the plaintiff. Between these lots was a private driveway, 10 feet wide, used in common for the convenience of the premises on either side, and extending from the avenue north to an east and west alley. Posted conspicuously at the opening of the driveway on the avenue was a notice: "Private Driveway. Please Keep Out." On the west side of the driveway, near its north end, was a garage, in which the defendant kept an automobile.

1. NEGLIGENCE: acts constituting: backing motor vehicle.

On January 27, 1919, the plaintiff, following his daily custom, drove his delivery car to Dean Avenue to deliver bread to Mrs. Grimm. For that purpose he turned into the driveway to a point near the back door of the Grimm home. Having made the delivery, he returned to the driveway, and, standing in front of his car, with his back to the north, undertook to "crank it." About the same time, the defendant, desiring to drive a party of visitors to the railway station, backed his auto from his garage into the driveway, and, with the auto heading north, backed it south toward the avenue. This movement brought him into collision with plaintiff, who was in the act of cranking his delivery car. Plaintiff claims to have been severely injured, and charges the same to the negligence of the defendant. The

alleged negligence is stated in four specifications:' (1) In failing to notify plaintiff of his approach; (2) in backing his auto down the driveway, instead of driving forward; (3) in failing to observe plaintiff in the driveway and to stop his auto at once; and (4) in failing to give plaintiff proper and sufficient warning. The defendant denies all allegations of negligence on his part, and says that, if there was any negligence, it was in the failure of plaintiff himself to exercise reasonable care.

As we have already noted, these issues of fact were tried to a jury, and verdict returned for the defendant. Plaintiff's motion for a new trial was denied, and from the judgment against him for costs, he appeals. In support of the appeal, four errors are assigned, and these we will consider in the order of their assignment.

I. That the court erred in overruling the motion for new trial upon the ground that the verdict was the result of passion and prejudice and is not sustained by the evidence.

We are unable to discover anything in the record indicating that the jury was swayed by prejudice or passion, and we are quite certain that the verdict cannot be said to have no support in the evidence. The burden was upon the plaintiff, to establish by a preponderance of the testimony both the defendant's negligence and his own freedom from contributory negligence. The accident was somewhat out of the usual order, in that, so far as relates to the actual collision and the circumstances immediately attending and preceding it, the parties themselves are the only witnesses; and their stories on the witness stand do not differ in any very material degree. Neither saw the other or knew of the other's presence in the driveway until the actual collision took place. It appears that plaintiff's engine did not crank readily, and he had made several ineffectual attempts to start it, and was still engaged in the effort when he was struck. Defendant testifies that, as he went from his house to the garage where his car was kept, he glanced to the south along the driveway, and again looked that way as he backed the car out of the door, and on neither occasion did he discover the plaintiff. Following his usual habit, he did not turn the car about and come down the drive in a forward movement, but continued the reverse or backward movement in the direction of the avenue.

We think it cannot be said that he was negligent, as a matter of law, simply because he did not discover the plaintiff's presence, or because he attempted to back out of the drive instead of turning around, or did not drive north to the transverse alley and around the block to get to his front door. He was in a private driveway; and, while we would not be disposed to hold the plaintiff a trespasser in this case, the fact that the way was a private one, not frequented by the general public, was a circumstance to be considered in the defendant's favor, as bearing upon the degree of watchfulness and care he was bound to use. Indeed, it would not be an unreasonable finding for the jury to say that the conduct of the defendant in the premises is not marked by any culpable want of care on his part, and that the collision may well be accounted for as a pure accident, for which no one can be held legally accountable. The most that can be said for it is that the charge of negligence is primarily a question for the jury, and, the jury having spoken, it is not for the court to interfere.

II. One of the grounds alleged for a new trial is that, during the argument to the jury, and while the presiding judge was absent from the court room, defendant's counsel produced **2. Appeal and error: waiver by failing to object.** and read to the jury a paper which he stated was the original notice which had been served on the defendant in this case, such paper containing a notice to the effect that plaintiff's counsel asserted an attorney's lien to the amount of more than $6,000, upon the amount of damages sued for. This paper, it is said, had not been offered in evidence, and was not even filed as part of the record in the case. Assuming the fact to be as stated, the conduct complained of was highly improper; and, had it been in any manner objected to and an exception preserved, the penalty of submitting to a new trial might well be imposed. It does not appear, however, that any objection was raised, or the attention of the court directed thereto. It is said that the court was temporarily out of the room when the incident occurred; but we think that, if the party aggrieved wishes to preserve a record for use on appeal, he should promptly call a halt in the proceedings until the judge is present and a proper record is obtained. So far as appears from the record, the matter was not called to the

attention of the court until after the verdict had been returned and judgment entered thereon. This was too late.

III. In stating the issues to the jury, the court failed to mention the plaintiff's second specification of defendant's alleged negligence, to the effect that defendant was negligent in backing his car down the driveway, instead of turning about and coming down with a forward movement. This is assigned as error.

3. TRIAL: instructions: paraphrasing grounds of negligence.

What we have already said in the first paragraph of this opinion sufficiently covers the point here made. While the plaintiff, in his petition, has, in form, stated four different allegations of negligence, they are, at best, but variations upon a single thought, the alleged lack of care on the part of defendant in approaching the place where the collision occurred; and, although the court did not state this allegation in the very language of the pleading, we think the law was stated with sufficient fullness and exactness to purge the charge of any prejudicial error. The court, among other things, charged the jury as follows:

"Instruction No. 2½. You are instructed that both plaintiff and defendant had a right to use the driveway in question; but, in so doing, each must use ordinary care so as to protect the right of the other. * * * As applied to the facts in this case, if you find, from a preponderance of the evidence, that the defendant did something that a reasonably prudent man would not have done, or that he failed to do something that a reasonably prudent man would have done under like circumstances and conditions, and that his so doing, or his failure to so do, was the proximate cause of the injury complained of, and that the plaintiff has proven himself free from contributory negligence, as defined in these instructions, then your verdict will be for the plaintiff."

The court could not properly tell the jury that it was negligence *per se* to back defendant's car down the private driveway, and the instruction here quoted states the law applicable to the situation as favorably as the plaintiff could reasonably ask, and probably more favorably than he was strictly entitled to.

IV. The jury, having been duly charged by the court, retired to their room to deliberate on their verdict. During the

night, a verdict having been agreed upon, it was prepared,

**4. TRIAL: sealed verdict without consent of counsel.** signed, sealed, and delivered to the bailiff, by whom it was delivered to the court on the next morning. After delivering the verdict to the bailiff, the jurors were allowed to separate, and were not thereafter reassembled. There was no demand by either party that the jurors be recalled to the box, or that they be polled. In his motion for a new trial, the plaintiff, as a ground thereof, states the fact of the separation of the jury, as aforesaid, and receipt of the sealed verdict by the court, and alleges that the same was done without the knowledge or consent of the parties or counsel, and without authority of law. The motion being denied, the ruling is assigned for error.

If the record bore out the plaintiff's claim as broadly as stated by his counsel, there might be reason for a reversal. But the picture of alleged irregularity is somewhat overdrawn. So far from being an act of wanton misbehavior on part of the jurors and bailiff, it appears of record that the delivery of the sealed verdict to the bailiff and the separation of the jury were strictly in accord with the express authority of the court. Upon the delivery of the sealed verdict, the court made the following entry of record:

"Judgment Entry. (Entered September 26, 1919.) Now, on this day, this cause comes on for further hearing, the jury having been directed to seal their verdict, in the event of an agreement upon a verdict in the absence of the court. Whereupon, the jury rendered their verdict as follows, to wit: 'We, the jury, find for the defendant. (Sgd) A. B. Elliott.' Whereupon, the jury are excused from the further consideration of this cause. Defendant excepts. It is further ordered that the costs of this action, taxed in the sum of $———, be and the same are hereby taxed to the plaintiff."

Later, the motion for new trial came on for hearing, and, before ruling thereon, the court made of record a further statement, as follows:

"Statement of the Court. The Court (10:45 A. M.): Referring to Paragraph 14 of counsel for the plaintiff's motion for a new trial, grounded on the fact that no consent was given by counsel that the jury might return a sealed verdict, the

court must say that it is the practice of this court and this judge to each time inquire of counsel for plaintiff and defendant if they wish to be called when the jury arrive or agree upon a verdict, and also to inquire of them whether or not they will consent to a sealed verdict. In this particular case, however, the court must say that he has no independent recollection as to whether or not counsel agreed to a sealed verdict, or whether he inquired of counsel whether they would agree to a sealed verdict. The court, however, after the jury had been out until about the hour of 5 o'clock, the usual hour that the court adjourns, the jury not having yet arrived upon a verdict, instructed the bailiff that he might receive a sealed verdict, the court advising him that he was going to his home, and would be there during the evening. The verdict was, as the record shows, returned or handed to the bailiff, sealed, some time about 9:00 or 9:30 on that same evening, and the verdict was handed to the court by the bailiff, still sealed, and was opened by the court in open court on the next morning. I think that is a fair statement.

"The court further, in his instructions to the bailiff, made it plain and explicit that he might receive a sealed verdict, and the jury might be permitted to return it. However, at the time he so instructed the bailiff, neither counsel for the plaintiff or the defendant were present. Have you gentlemen any objection to that statement?

"As the court recalls it, that is just the way it happened. As to whether or not he asked you gentlemen whether you would agree upon a sealed verdict or not, he has not any independent recollection, if at all; but it is the custom that the court follows.     *     *     *

"The court feels, in regard to this fourteenth paragraph— I might indicate that to you—that there is not sufficient there to justify the court in granting a new trial on that ground alone. He rather looks upon that statute in regard to the manner of taking the verdict of.the jury as directory, and not mandatory, and the burden would be upon the plaintiff to show some prejudice, and the court would not be justified in granting a new trial on that ground alone."

The motion for new trial was further supported by the af-

fidavit of plaintiff's counsel, denying that he consented to the return of a sealed verdict, or knew that an order to that effect had been made. On the other hand, counsel for defense deposes that it was his understanding that the parties consented in advance to a sealed verdict.

Such is the record. In so far as the ruling involves any finding upon the facts not admitted, its force and effect are analogous to that of a jury verdict, and we should hesitate to interfere with the ruling, even if our statute on the subject (Code Section 3724) were to be much less liberally construed than it appears to have been by our previous decisions. Counsel for appellant fends against the rule of the precedents by saying that the "plain provisions of the statute have been frittered away by judicial interpretation." It is admitted that we have held that a verdict sealed and delivered to the bailiff, and on the following day read to the jury and assented to by them in open court, is not invalid (*Heiser v. Van Dyke*, 27 Iowa 359) ; and in a quite similar case, where such a verdict is returned, and is assented to by the jury in court on the following day, *even in the absence of counsel,* that the verdict will be allowed to stand, if there be no showing of prejudice (*Walker v. Dailey,* 87 Iowa 375) ; and finally, in a case directly in point with the one now before us, that, where a sealed verdict has been returned *without the consent of counsel* or *leave of court,* it is not error for the court to receive the verdict without calling the jury back into the box, where the losing party does not request their recall or demand the right to poll the jurors. See *Klinker v. Schmidt,* 114 Iowa 695.

Such has been the practice and the holding of the court for now more than a half century; and even if, in the view of some, as an original proposition the interpretation placed upon the statute has been unduly liberal, we think it would be difficult to discover an instance where any serious injustice has been so occasioned, and in our judgment, there is nothing to be gained by changing our attitude upon the question.

The trial court did not err in receiving the verdict or in entering judgment thereon. The judgment appealed from is—
*Affirmed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.