In re Estate of May Hill.

FLORENCE GRAVES, Appellant, v. W. N. GRAVES, Executor, et al., Appellees (and one other case).

No. 46065.

DECEMBER 15, 1942.

Roy E. Havens, of Logan, and J. J. Hess, of Council Bluffs, for appellant.

Michael Murray, Walter I. Wolfe, both of Logan, and Miller, Hines & Higgins, of Harlan, for appellees.

OLIVER, J.—Appellant, Florence Graves, filed a claim against the estate of May Hill, deceased, for services allegedly rendered decedent by appellant from 1921 until December 4, 1930, the date of the death of May Hill. As the assignee of her husband, W. N. Graves, appellant filed another claim against said estate for services rendered decedent by W. N. Graves during said years. The claims were consolidated for trial but each was submitted to the jury and instructed upon separately. Separate verdicts disallowing each claim were returned by the jury. From judgment thereon claimant appeals.

This is the second appeal from the disallowance of said claims after trial upon the merits. The decision in the appeal from the first trial is reported in 230 Iowa 189, 297 N. W. 278. Insofar as material to the present appeal, the record in the two trials is substantially the same. Defenses pleaded to each claim were (1) general denial, and (2) that said claim was fully paid, settled, and compromised by the decedent during her lifetime. The factual matters involved in this defense were first pleaded in the claims. Claimant alleged that in 1929 and 1930, Mr. and Mrs. Graves had executed and delivered to decedent two certain promissory notes and that the unpaid principal and

interest thereon should be offset against the amount due claimant. One of said notes was for $2,500, dated May 15, 1930, secured by a mortgage upon real estate. The other was for $350, dated September 13, 1929, with endorsements thereon showing payment of $100 on September 11, 1930, and extension to September 13, 1931. Appellees admitted the execution and delivery of said notes and based the defense thereon.

 I. Appellant predicates error upon the refusal of the trial court to withdraw from the consideration of the jury the second defense above mentioned and all evidence pertaining thereto. Appellant also contends the instructions relative to said defense were erroneous as to services rendered after the date of the last note, or the last alleged settlement thereon.

In the former appeal appellant contended the instructions were erroneous in that they placed upon her the burden of proving that the claims had not been paid, settled, or compromised. The decision sustains said contention. In said appeal appellant also contended the evidence was legally insufficient to sustain said defense and in any event as to services subsequent to the date the last note was given. At the same time appellees asserted they were entitled to a directed verdict because the defense had been established as a matter of law.

The former decision refers directly to appellee's contention and states that while the giving of a promissory note creates a presumption of the settlement of existing demands between the parties it is not conclusive and may be met by proof tending to overcome the presumption. Following this the decision sets out evidence for appellant of statements by decedent concerning the transaction. The decision then states, ''This issue, under the record, was for the jury''.

The reference to the legal principles involved and the determination of their effect, followed by the statement that the issue was for the jury, made that the law of the case for both parties upon the second trial.

The decision does not pass upon the complaint relative to the sufficiency of this defense as to alleged services subsequent to the date of the last note. However, the statement that the issue was for the jury may have been interpreted as including that proposition. The record shows a payment upon and ex-

tension of the due date of one note less than three months prior to the death of Mrs. Hill.

We have held that where two trials have been had, each resulting in a verdict for the same party, the error which will justify a reversal and a third trial should be so clear as to fully demonstrate that a failure of justice will occur if this court does not again interfere. Tretter v. Chicago & G. W. Ry. Co., 154 Iowa 280, 285, 134 N. W. 626, 628. In view of the former decision and the showing that the last transaction involving the notes was had a relatively short time prior to the death of Mrs. Hill, we are not inclined to hold the instruction constituted reversible error.

II. The notes pleaded in the claims and admitted in the answer, together with the mortgage securing part of said indebtedness, were placed in evidence by appellees, it having been stipulated that the signatures thereon were those of Mr. and Mrs. Graves. On rebuttal for appellant, Mr. Graves identified the instruments executed May 15, 1930, testified he delivered them to Mrs. Hill, and that Mrs. Graves was present at the time. He was then asked:

"Q. Now, you may state whether or not in that transaction any thing was said between May Hill and yourself and Mrs. Graves about any compensation for your services?"

Appellees' objection that the witness was incompetent under the dead-man statute, Code section 11257, was sustained. Appellant asserts this ruling was erroneous.

Appellant concedes the incompetency of the witness to testify generally as to personal transactions with decedent but asserts he was competent to testify in rebuttal on this issue on which appellees had the burden of proof. See Code, section 11962. Kauffman v. Logan, 187 Iowa 670, 174 N. W. 366, is relied upon as sustaining her complaint. In the Kauffman case the defense pleaded settlement and put in evidence a $200 check made by decedent to claimant and cashed by claimant. Upon the face of the check was written, "$300 due on demand in full of all demands to date." Claimant testified that the quoted words were not on the check when she cashed it. It was held that when the executor put in the endorsement to prove

accord and satisfaction he was addressing himself to the burden the law placed upon him, that testimony that no such endorsement was on the check when cashed was a flat negation of the evidence offered to prove payment, and that the witness was competent to so testify.

Appellees cite Mehlisch v. Mabie, 180 Iowa 450, 160 N. W. 368, and In re Estate of Custer, 229 Iowa 1061, 295 N. W. 848, as being here controlling. We need not consider said decisions. It is sufficient to say that the Kauffman case, upon which appellant places sole reliance, is not here in point. In the case at bar appellant did not deny the execution and delivery of the notes nor contend the same had been altered. She had brought them into the record by pleading them in her claims. The question asked the witness was not limited to the notes but referred to a conversation with decedent "about any compensation for your services." This necessarily had reference, in part at least, to the original agreement asserted by claimant that said services were to be compensated. The witness was not competent to testify to a conversation with decedent upon that point.—Affirmed.

All JUSTICES concur.