MARY M. McKLVEEN, Administratrix, Appellee, v. H. JAY TOWNLEY et al., Appellants.

No. 46084.

DECEMBER 30, 1942.

REHEARING DENIED APRIL 9, 1943.

McCoy & Beecher, of Waterloo, for appellants.

G. C. Stuart and A. V. Hass, both of Chariton, and Reed & Beers, of Waterloo, for appellee.

GARFIELD, J.—The first trial resulted in verdict and judgment for plaintiff for $5,000. Upon defendants' appeal, that judgment was reversed because the court failed to instruct the jury to consider only those specifications of recklessness contained in plaintiff's petition and because of another error in the instructions. McKlveen v. Townley, 230 Iowa 688, 299 N. W. 25.

The second trial resulted in verdict for plaintiff for $3,500. From judgment thereon and the overruling of motion for new trial and exceptions to instructions, defendants have again appealed. Except for one claimed inaccuracy and an omission, both unimportant upon this appeal, appellants accept the statement of facts in our opinion upon the former appeal. Since the evidence upon the retrial was substantially the same, we will not state the facts again.

Two claims to a reversal are made. It is first argued that the court again committed the error pointed out by us upon the former appeal of not limiting the jury to a consideration of the charges of recklessness contained in the petition. Appellee alleged reckless operation of the car in nine respects. Upon the trial she withdrew three of the nine charges. There was more or less repetition in the original specifications and also in those not withdrawn. They were largely variations of a single thought. The substance of the charges is that the driver was reckless in driving at night at a high and reckless speed, downhill, upon the left side of the highway, approaching a curve where the view was obstructed.

The instructions first contained a statement of the pleaded issues, including the charges of recklessness made in the petition that were not withdrawn. It is true these specifications were not numbered nor stated in the exact language of the petition, but were somewhat abbreviated and paraphrased. This, however,

330

was not improper. Buchanan v. Hurd Creamery Co., 215 Iowa 415, 426, 246 N. W. 41; Rulison v. Victor X-Ray Corp., 207 Iowa 895, 900, 223 N. W. 745; Caplan v. Reynolds, 191 Iowa 453, 457, 182 N. W. 641. We intimated as much in our opinion upon the former appeal.

Instruction No. 1, which followed the statement of the issues, reads substantially as follows:

"You are instructed that in order to entitle the plaintiff to recover * * * the burden of proof is upon the plaintiff to establish and prove by a preponderance of the evidence each and all of the following propositions:

"1. That at and immediately prior to the time of the accident in question Vernon Townley, the driver of the automobile in question was operating the same recklessly, *in one or more of the respects and specifications charged in plaintiff's petition.*

"2. That the reckless operation of the automobile upon the part of Vernon Townley, was the proximate cause of the injuries and damages of which the plaintiff complains in her petition.

"3. That by reason of the reckless operation of the automobile upon the part of Vernon Townley, the estate of Virginia McKlveen has sustained damages, and the amount of such damage.

"If the plaintiff has established each and every one of the above propositions, then the plaintiff would be entitled to recover * * *. If the plaintiff has failed to establish and prove by a preponderance of the evidence any one or more of such propositions, then the plaintiff could not be entitled to recover herein."

The statement above italicized was not a part of the instructions upon the first trial. Appellee contends this statement was added to meet our holding upon the former appeal and sufficiently limits the jury to the charges of recklessness submitted. In no other instruction was the jury told to consider only the submitted specifications of recklessness.

The trial judge should have been more careful to eliminate from the instructions the error pointed out in our former opinion. We are inclined to hold, however, that Instruction No. 1 does, in effect, though perhaps imperfectly, limit the jury to a

consideration of those charges of recklessness made in the petition which were set out in the preliminary statement of the issues. Such is the purport of the statement that plaintiff could not recover if she failed to establish "any one or more of such propositions," the first of which is that the driver was reckless "in one or more of the respects and specifications charged in plaintiff's petition."

The court might well have stated elsewhere in the instructions that no consideration should be given to any claim of recklessness not alleged and submitted. Of course, the instructions must be construed as a whole, and if we are right in our interpretation of Instruction No. 1, repetition of this thought was not absolutely necessary. Nowhere in the instructions did the court submit any charge of recklessness not found in the petition nor attempt to instruct upon an issue not pleaded. That would have been error. Keller v. Dodds, 224 Iowa 935, 946, 277 N. W. 467, and cases cited. As tending to support our holding, although not directly in point, see Reed v. Pape, 226 Iowa 170, 174, 284 N. W. 106; Doran v. Waterloo, C. F. & N. R. Co., 170 Iowa 614, 639, 153 N. W. 225; Miller v. Cedar Rapids Sash & Door Co., 153 Iowa 735, 745, 134 N. W. 411.

Our conclusion is based in part upon prior holdings that where each of two trials has resulted in a verdict for the same party, the error which will justify a reversal and a third trial must be such as to demonstrate that a failure of justice will occur if we do not again interfere. In re Estate of Hill, 232 Iowa 1000, 6 N. W. 2d 835; Tretter v. Chicago & G. W. R. Co., 154 Iowa 280, 285, 134 N. W. 626, 628. We have also said that a judgment should not be reversed and litigation prolonged unless error appears which we may reasonably suppose affected the result of the trial to the prejudice of the losing party. Blake v. City of Bedford, 170 Iowa 128, 140, 151 N. W. 74.

Appellants' remaining claim to a reversal is that there was insufficient evidence of recklessness to support the verdict. As stated, the testimony upon the second trial was substantially the same as before. Roach is the only living eyewitness who could testify to the happening of the collision. His evidence was read from the transcript made from the former trial. There was no

material variance in other testimony. We held upon the former appeal that the evidence was sufficient. This became the law of the case in all subsequent stages of the litigation. Jones v. Sioux City, 192 Iowa 99, 182 N. W. 644; Kenyon v. Illinois Cent. R. Co., 187 Iowa 277, 279, 173 N. W. 44; Noyes v. Des Moines Club, 186 Iowa 378, 379, 170 N. W. 461, 3 A. L. R. 605; 5 C. J. S. 1293, section 1834-d (2) ; 3 Am. Jur. 553, section 1000.

The judgment is—Affirmed.

STIGER, BLISS, OLIVER, HALE, and MILLER, JJ., concur.