MARTINUS HANNESTAD, Appellant, v. THE CHICAGO, MIL-
WAUKEE & ST. PAUL RAILWAY COMPANY, Appellee.

**Misconduct of counsel.** Misconduct of counsel during the trial is
1  so largely a matter of discretion with the trial court that the
appellate court will not reverse a cause on that ground unless
it appears likely a different result would have been reached but
for such misconduct.

**Railroads:** INJURY TO PASSENGER: EVIDENCE. The evidence in an
2  action for injuries to a passenger in attempting to alight from
a train is reviewed and held to support a verdict for defendant
on the ground that plaintiff attempted to alight when the train
was in motion.

*Appeal from Monona District Court.*— HON. JOHN F. OLI-
VER, Judge.

THURSDAY, NOVEMBER 15, 1906.

PLAINTIFF is the husband of Audrine Hannestad. It
is his allegation that said Audrine was injured through neg-
ligence of defendant, and this action is brought by him to
recover for the loss of her services. There was a jury trial,
resulting in a verdict and judgment for defendant. Plain-
tiff appeals. *Affirmed.*

*H. A. Evans* and *F. W. Sargent,* for appellant.

*J. C. Cook* and *S. D. Crary,* for appellee.

BISHOP, J.— Late in the afternoon of a rainy and foggy
day in mid-October, 1902, Mrs. Hannestad took a passen-
ger train on defendant's road out of Sioux City, her destina-
tion being Glen Ellen, the first station at which the train
stopped after leaving the city. Her son took her to the de-
pot and placed her in a car of the train with her hand bag-
gage consisting of two sacks, a basket, an umbrella and a

shawl. She was a woman sixty-three years of age and could not speak English, but she was familiar with the run to Glen Ellen, and knew it was the first stop to be made. As the train approached Glen Ellen the brakeman entered the car and called the station, and this, as she says, she understood, and proceeded to gather up her things to get off. She was injured in getting off the train by being thrown to the ground, and this, it is alleged by plaintiff, was caused by the starting of the train just as she was about to alight — the train not having been stopped for a sufficient length of time to enable her to alight in safety. Further, it is charged as matter of negligence, that the employés of defendant in charge of the train failed to assist her to alight. Many errors occurring on the trial are relied upon for a reversal. Nearly all of such have relation to the taking of the evidence, and to misconduct on the part of counsel for defendant, and of the court, in connection therewith. The argument for appellant is addressed solely to such misconduct.

We have read the record, and, while some of the rulings on evidence might well have been different, we find none carrying prejudice such as to warrant a reversal. Looking

1. MISCONDUCT OF COUNSEL. into the misconduct complained of, it seems quite certain that some things were said during the course of the trial which would not be repeated were the case to be tried again. But, as every lawyer knows, this is something that may happen on the trial of any closely contested case. Of necessity the matter is such that it must be left very largely to the good sense and discretion of the trial court, and we should not interfere except that, from a survey of the whole situation, it appears likely a different result would have been reached but for such misconduct.

The fact situation disclosed by our reading does not call for a reversal of the judgment. In her statements respecting the accident, Mrs. Hannestad was more or less confused. On her direct examination she answered that she was sitting on the front seat of the coach, and that she

started to get off as soon as the brakeman called the station; that she "went out the forward door, and was

2. RAILROADS: injury to passenger: evidence.

on the lowest step when the train started, and I fell off." On cross-examination she admitted that the train was again in motion after the stop when she got out on the platform of the car; that she set her basket down on the platform intending to alight and then take off her basket; that when she reached the lower step there came a jerk, and she fell off to the ground; that the place where she fell was some distance beyond the depot platform. In her account of the immediate circumstances leading up to the accident, Mrs. Hannestad stood alone. For the defendant there was evidence by several witnesses that the train stopped at the station for about a minute; that Mrs. Hannestad did not leave her seat in the car until after the train had again started, when, with her packages in her arms, she proceeded to the platform and in attempting to step off the moving train fell to the ground. The jury found, in answer to special interrogatories, that the train was in motion when Mrs. Hannestad went through the door of the coach and on the car platform, and when she went down the steps of the platform. In this situation it is clear that a verdict finding Mrs. Hannestad guilty of negligence, and exonerating the defendant, was warranted.

It follows that the judgment must be, and is *affirmed*.