Mabel Curry, appellant, v. Jerry W. Jones, appellee.

No. 51873.

(Reported in 138 N.W.2d 101)

November 16, 1965.

Loughlin & Loughlin by John D. Loughlin, of Cherokee, for appellant.

Miller, Miller & Miller by J. R. Miller, of Cherokee, for appellee.

SNELL, J.—This is a law action seeking damages for injuries sustained by plaintiff in a collision of motor vehicles. Plaintiff has appealed from the judgment following an adverse verdict by the jury.

The problem is mainly factual.

To prevail plaintiff needed, but did not have, evidence of actionable negligence and proximate cause. We find no error in the record sufficient to order a new trial or overcome this weakness.

There is very little dispute in the evidence.

Plaintiff was riding as a passenger in a pickup truck operated by her husband, traveling west on a blacktop county road. Plaintiff was sitting on the right-hand side of the front seat with her arm on the window. Her petition and her testimony fix the time at about 8:30 p.m., central daylight savings time. The time of the accident was otherwise corroborated and nowhere contradicted. It was near sunset and they were facing west. The weather was clear and the pavement was dry. The record of Naval Observatory Time of Sunset on the day of the accident was admitted in evidence. Sunset was at 8:36 p.m., daylight savings time. There was no evidence of lack of visibility except for the crest of a hill about 200 feet west of the place of the accident.

Plaintiff's driver (husband) turned his pickup left across the blacktop to enter a farm lane to the south.

At the same time and, on the same road defendant was approaching in his car traveling east. The vehicles collided on the south side of the road near the center of the farm driveway.

Plaintiff's husband, the driver of the pickup, did not testify. Plaintiff testified that she looked but did not see defendant's approaching car until almost the instant of impact.

Defendant testified that he was traveling 50 to 55 miles per

hour on his own side of the road as he came over the crest of a hill to the west.

He noticed a vehicle coming from the other way. When between 50 and 100 feet away he saw the vehicle turn left in front of defendant. Defendant applied his brakes and crowded the south shoulder of the road.

The right front of defendant's car struck the right side of the pickup slightly back of the door. Both vehicles were damaged and plaintiff was injured.

A highway patrolman called as a witness by plaintiff testified as to time, conditions, skid marks and location of the vehicles. He testified to nothing indicating negligence on the part of defendant. A photographer identified pictures and plaintiff's doctor told of her injuries and his own riding habits. We will refer to this testimony, infra. Plaintiff also read into the record part of the Discovery Deposition of defendant.

Defendant testified in his own behalf and was corroborated by a guest riding in his car at the time.

The manager of a local telephone exchange testified as to the time of phone calls made after the accident.

Defendant moved for a directed verdict at the close of plaintiff's testimony and again at the close of all the testimony. The motions were overruled and the case submitted to the jury. The jury found for defendant so we need not consider defendant's right to a directed verdict except to note the extreme weakness in plaintiff's case.

I. In his answer defendant pleaded that plaintiff was guilty of contributory negligence in entrusting herself to ride in a vehicle driven by a driver "who was known to plaintiff to be a careless, reckless, incompetent and irresponsible driver, which incompetence was the proximate cause of plaintiff's injuries."

Prior to trial plaintiff moved to strike this allegation. The motion was overruled and plaintiff claims error.

There is no error in claiming contributory negligence incident to voluntarily assuming a known risk. Miller v. Mathis, 233 Iowa 221, 8 N.W.2d 744.

For discussion of the problems incident to riding with an incompetent driver see Krausnick v. Haegg Roofing Co., 236

Iowa 985, 988, 20 N.W.2d 432, 163 A. L. R. 1413; Hardwick v. Bublitz, 254 Iowa 1253, 1266, 119 N.W.2d 886.

■ II. Plaintiff claims error in*that the court failed to exclude inquiry concerning lack of driver's license, prior convictions and background of plaintiff's driver. We find no error. As the case developed these matters were excluded.

Under the pleaded issues inquiry as to plaintiff's knowledge of her driver's background was proper. However, she said she did not at the time know that her husband had no driver's license.

Objections to questions relating to a previous OMVI conviction were sustained and the inquiry was not pursued.

These charges were not submitted to the jury and the jury was specifically instructed to disregard any comments, questions or statements relative thereto. The instruction was complete and told the jury that there was failure to show knowledge of plaintiff and further that there was no causal connection.

III. The highway patrolman who investigated the accident testified in behalf of plaintiff. On cross-examination he gave the time of the accident as 8:35 p.m. He based this statement on the time he received a call to investigate, his investigation and statements made. Plaintiff objected on the ground that the information was privileged under section 321.271, Code of Iowa.

This statute provides that accident reports shall be in writing and without prejudice and confidential.

It is also provided that the written report shall be inadmissible in a civil case.

■ Information given an officer as required for the purpose of making his written report cannot be used to the prejudice of the informant. Pinckney v. Watkinson, 254 Iowa 144, 154, 116 N.W.2d 258, and citations.

This statutory exclusion does not extend to what is observed nor to statements "not intended as a report or as information given for such a report." Pinckney v. Watkinson, supra, loc. cit. 155, and Goodman v. Gonse, 247 Iowa 1091, 1104, 76 N.W.2d 873.

■■ There was no error in admitting the patrolman's testimony. There is nothing to indicate from whom he obtained the information. The statute protects the informant who is required

to make a report but does not extend to other sources of information.

In the case before us there was no prejudice in any event. The testimony as to the time of the accident was cumulative and was in accord with plaintiff's own testimony and pleading.

On direct examination plaintiff testified that she did not have an opinion as to the speed of defendant's vehicle. When recalled for further examination she testified: "The defendant's car was awfully close when I first saw it. And I would say it was coming fast. * * * I did not see the defendant's car until just the moment of impact. Right when it hit."

Plaintiff had never driven a car and nowhere attempted to estimate defendant's speed.

The patrolman testified that his investigation revealed no evidence of excessive speed on the part of anyone. A statement that he found nothing is a statement of fact. He also testified as to what he could see. His answers were statements of fact and there was no error incident to his testimony.

IV. At the close of plaintiff's evidence plaintiff amended her petition by adding two specifications of negligence. These specifications were based on defendant's failure to have his car lighted at the time of the accident. The statute then in force (section 321.384, Code of 1962) required lights one-half hour after sunset "and at such other times when conditions such as fog, snow, sleet, or rain provide insufficient lighting * * *."

The trial court permitted the amendment but did not submit the specifications to the jury. Plaintiff claims error.

There was no evidence to support these specifications of negligence.

It was one-half hour before the time for lights specified in the statute. There was no fog, snow, sleet or rain or other conditions requiring lights. The evidence was undisputed that the weather was clear and the pavement was dry. The collision occurred in daylight. Her own witness, the patrolman, so testified. Plaintiff said it was dusk and she could see about the length of their own lights that were on. Plaintiff and her husband-driver were facing the setting sun and may have been blinded thereby

but that would not support a charge of negligence against defendant.

■ V. The trial court instructed the jury on sudden emergency in the words of Iowa Uniform Jury Instruction No. 5.4. The court made the instruction applicable to the specifications of negligence against defendant in these words:

"So if you find that the driver of the vehicle in which this plaintiff was riding, did, by turning to his left across the County Road 'A', create a sudden emergency, not the fault of this defendant, and that immediately thereafter this defendant did act as an ordinarily careful and prudent person would have acted in a similar position, then this defendant is not liable for injury or damage resulting from his conduct and you will find for the defendant."

Plaintiff claims error. We do not agree. Admittedly, plaintiff's driver was turning left across the road as defendant approached in his proper lane. Defendant's uncontradicted testimony was that he saw plaintiff's vehicle turn left when defendant was 50 to 100 feet away. Defendant applied his brakes and crowded the shoulder on the south side of the road. His speed was reduced from 50 to 55 miles per hour to about 35 miles per hour. Defendant had between one and two seconds in which to react and act. If there was any question as to the propriety of what he did the sudden emergency instruction was proper.

Plaintiff argues that the instruction should have been equally available to plaintiff's driver. There was no evidence by which the instruction could apply to plaintiff or her driver.

Plaintiff's driver did not testify. When, if ever, he saw defendant's approaching vehicle does not appear. Plaintiff testified that she did not see defendant's car until the moment of impact.

For discussions of sudden emergency see Koob v. Schmolt, 241 Iowa 1294, 1298, 1299, 45 N.W.2d 216; Pinckney v. Watkinson, supra, loc. cit. 150, 151 of 254 Iowa; and McMaster v. Hutchins, 255 Iowa 39, 44–47, 120 N.W.2d 509.

There is nothing in the record to indicate that defendant was proceeding other than in a lawful manner. A car across his lane of traffic certainly created an emergency not of his own making. The instruction was proper and properly related.

136

VI. Plaintiff's attending physician testified as her witness. He testified as to plaintiff's injuries including her fractured right arm and the history he took of her accident. He said with reasonable medical probability her injuries were caused by the automobile accident. On cross-examination the doctor was asked about his studies regarding the effects of kinetic energy on the body, bones and joints. He testified that when in an automobile he attempted to exercise caution. He was then asked this question:

"Assuming, Doctor Harten—and it is the testimony in this case that the plaintiff at the time of this accident was riding on the right-hand side of the front seat of this pickup with her right elbow hanging out the window—in your opinion would that be a contributing factor to the fracture of her right arm?"

He answered: "I don't know. I would be unable to answer that. I would have no basis for rendering an opinion."

The doctor answered no questions as to plaintiff's contributory negligence and we find no reversible error in his examination.

VII. As against defendant the court submitted three specifications of negligence claimed by plaintiff, i.e., lookout, control and the assured-clear-distance rule.

As against plaintiff's driver the court submitted five specifications of negligence claimed by defendant, i.e., lookout, control, failure to yield one half of the traveled way, turning from a direct course when such movement could not be made with reasonable safety and failing to properly signal before turning.

The next instruction following the statement of these charges provided:

"The plaintiff was not the driver of the car in which she was riding. Under such circumstances contributory negligence on the part of the driver of the car in which plaintiff was riding would not be imputed to her and would not bar her recovery against the defendant unless you find said driver's negligence, if any, was the sole and only proximate cause of the collision and of the injuries complained of by the plaintiff. * * *."

In the next instruction the jury was properly instructed on concurring negligence and told that concurring negligence of

plaintiff's driver and defendant would not bar plaintiff's recovery.

In the two instructions relating to charges of negligence common to both drivers the court again told the jury that negligence of plaintiff's driver would not bar her recovery unless it was the sole and only proximate cause of the collision.

Plaintiff argues that the instructions defining the other specifications of negligence should have also referred to sole and only proximate cause. The objection is hypercritical. The jury was told twice in positive language that the negligence of plaintiff's driver would not bar her recovery unless it was the sole and only proximate cause of the collision. The additional references to sole and only proximate cause were in connection with charges of negligence made against both drivers. We see no reason why this pattern should have been extended to the individual charges. To have done so would have been unduly repetitious.

We find no reversible error in the case.

The case is—Affirmed.

All JUSTICES concur.