Lulu BAYSINGER, Appellant,

v.

Bennie HANEY, Appellee.

No. 52781.

Supreme Court of Iowa.

Jan. 9, 1968.

Richard L. Pinegar, Des Moines, for appellant.

Whitfield, Musgrave, Selvy & Kelly by, Roy W. Meadows, Des Moines, for appellee.

GARFIELD, Chief Justice.

Lulu Baysinger brought this law action against Bennie Haney to recover for personal injuries sustained when she was struck by defendant's automobile while walking across University Avenue in Des Moines on the west side of East 29th Street. Trial resulted in judgment on jury verdict for defendant. Plaintiff's appeal is based on claimed misconduct of defendant's counsel in asking a Des Moines police officer improper questions as a witness.

I. Plaintiff testified she was in the crosswalk when she was struck. However, she admitted she entered University Avenue three to five feet west of the crosswalk. A witness for her said he went to the scene right after the collision and saw plaintiff on the street within the crosswalk.

After plaintiff rested her case she made a motion in limine, calling attention to testi-mony of Police Officer Fogle on a prior trial of the case that he could not establish the point of impact without relying on statements of plaintiff and defendant in connection with preparation of an accident report, and requesting that defense counsel be directed not to ask the officer about the point of impact. The court sustained the motion and granted the request.

Then immediately before defendant placed Officer Fogle on the witness stand plaintiff requested the court to order defense counsel not to ask the witness about the point of impact without first taking the matter up with the court outside the jury's presence. This request was also granted.

During direct examination of Officer Fogle defense counsel stated he was ready to ask the foundation questions the court wanted to hear in the jury's absence. Thereupon, outside the jury's presence, counsel stated in effect he proposed to ask the witness whether, based on his experience and training as a police officer in accident investigation, and assuming plaintiff had testified she fell immediately to the ground by turning and falling to the north and defendant had testified he was stopped or practically so at the time of impact, the witness had an opinion as to the point of impact.

Plaintiff's counsel objected to the proposed question as calling for an incompetent opinion and conclusion, a misstatement of the record, not the subject of expert testimony, the jury can draw its own conclusion without the aid of an expert. The objection, filling nearly a page in the record, did not assert nor did the court rule that asking the question in the jury's presence would violate the prior ruling on the motion in limine.

The court ruled that in view of the testimony of plaintiff and defendant as to the point of impact "we don't need an expert." Defense counsel said he had no further questions and plaintiff's counsel proceeded to cross-examine the officer, calling his

attention to his accident report "you used before to refresh your memory with," asking him to "look at it as to the kind of locality" and tell whether it refreshed his memory.

The witness answered "I knew I marked this on here this way," evidently referring to the accident report shown him, adding that there were both houses and businesses along there and he did not know how the location was zoned. The witness was then shown a transcript of part of his testimony at the former trial to the effect "this is a residential district" and admitted he so testified before.

During defendant's redirect examination the witness was asked: "I think Mr. Pinegar has referred to your report where you checked 'residential district.' I notice you have a check 'out of crosswalk'." Plaintiff's counsel objected as highly improper and leading, moved it be stricken, that counsel be admonished and the jury admonished not to consider the statement. The court ruled "Yes, it may go out and the jury will pay no attention to the statement."

Asked whether there were any checks under "Driver Violations" on the report, the witness answered "No sir." Plaintiff's counsel moved that this be stricken, defense counsel admonished it was improper and the jury instructed not to consider it.

The court ruled "It may go out and the jury will be admonished to pay no attention to it. Ask the questions directly Mr. Meadows."

Defense counsel then asked "Do you have any checks?" Plaintiff's counsel said he had "no objection to opposing counsel asking the witness questions but what he has checked is irrelevant and immaterial. If he wants to testify as to what the facts are that's one thing, but what he has checked is improper and incompetent." The court again stated defense counsel could ask the witness direct questions. Counsel

stated he had no further questions and the witness was excused.

Thereupon plaintiff moved for a mistrial on the ground of improper and prejudicial conduct of defense counsel in examining the police officer. The motion was overruled.

During plaintiff's rebuttal evidence defendant was called as plaintiff's witness and asked "This isn't the first time you've been in an accident where you failed to yield the right-of-way is it?" Defendant's objection to the question as improper was sustained.

There was no direct testimony for defendant that plaintiff was out of the crosswalk at the time of impact. Defendant asserts this appears from skid marks and physical facts. And, as stated, plaintiff admitted she entered the street outside the crosswalk.

As before indicated, the jury returned a verdict for defendant. In answer to special interrogatories it found plaintiff was not in the crosswalk when the accident occurred and such failure constituted a proximate cause of her injury.

Plaintiff's motion for new trial, based on the same alleged improper and prejudicial conduct of defense counsel in examining Officer Fogle, was overruled.

II. Certain fundamental rules apply to such an appeal as this based on claimed misconduct of counsel for the prevailing party. We have held many times the trial court has considerable discretion in determining whether alleged misconduct, if there was such, was prejudicial. Certainly he is better able to appraise the situation than we are. We will not interfere with the court's determination of such a question unless it is reasonably clear discretion has been abused. Castner v. Wright, 256 Iowa 638, 652, 127 N.W.2d 583, 591, 128 N.W.2d 885, and citations; Mead v. Scott, 256 Iowa 1285, 1290, 130 N.W.2d 641, 644 and citations.

"Further, instructing the jury to disregard the asking of a question claimed to be misconduct ordinarily leaves no ground for complaint except in extreme instances where it is manifest the prejudicial effect remained and influenced the verdict despite the instruction. See Castner v. Wright, supra, and citations.

"Connelly v. Nolte, 237 Iowa 114, 130, 21 N.W.2d 311, 319, cites many precedents for the proposition that unless it appears probable a different result would have been reached but for claimed misconduct of counsel for the prevailing party we are not warranted in interfering with such a ruling. To like effect is Corkery v. Greenberg, 253 Iowa 846, 853–854, 114 N.W.2d 327, 331, and citations." Christianson v. Kramer, 257 Iowa 974, 980, 135 N.W.2d 644, 647–648.

Connelly v. Nolte, supra, considers claims of misconduct of counsel perhaps more fully and cites more authority on the point than any other Iowa decision. It has been cited with approval many times.

The rules above summarized have frequently been applied in appeals from convictions in criminal cases. State v. Mercer, Iowa, 154 N.W.2d 140, 142 (November 14, 1967) and citations. This is from the cited opinion:

"After citing and analyzing several of our precedents, State v. Jensen, 245 Iowa 1363, 1368, 66 N.W.2d 480, 482, continues: 'It is the sound reasoning of these and other Iowa cases that the trial court has before it the whole scene, the action and incidents of the trial as they occur, and is in a much better position to judge whether the defendant has been prejudiced by misconduct of opposing counsel, if there is such. * * The trial court occupies a position of vantage and is rightly given a considerable discretion in determining whether prejudice has resulted.' "

■ This quotation seems to have more than ordinary application to an appeal such as this submitted upon only a skeleton record of the trial.

The Mercer case also quotes what State v. Long, 250 Iowa 326, 332, 93 N.W.2d 744, 747 says in distinguishing State v. Tolson, 248 Iowa 733, 82 N.W.2d 105, cited by plaintiff here, and two other decisions.

Aside from State v. Tolson, plaintiff cites one other recent precedent in support of her claim based on misconduct of counsel —Brooks v. Gilbert, 250 Iowa 1164, 98 N. W.2d 309. It presents a much stronger claim of misconduct than we have here, together with erroneous rulings of the trial court. (See Long v. Gilchrist, 251 Iowa 1294, 1298, 105 N.W.2d 82, 84.) In Brooks improper questions designed for the same ultimate purpose were asked 13 times notwithstanding proper objections to them were sustained.

■ The fact the present case has been twice tried to different juries without a verdict for plaintiff has some bearing on what our decision should be. Where each of two trials has resulted in a verdict for the same party, the error which will justify reversal and a third trial must be such as to demonstrate a failure of justice will occur if we do not again interfere. McKlveen v. Townley, 233 Iowa 328, 331, 7 N.W.2d 186, 187 and citations. We think this principle has at least some application although the first trial resulted in "a hung jury."

■ A judgment should not be reversed and litigation prolonged unless error appears which we may reasonably suppose affected the result to the prejudice of the losing party. McKlveen v. Townley, supra, and citations.

On the question whether the alleged misconduct of defendant's counsel prevented plaintiff from receiving a fair trial, the court may have considered the conduct of plaintiff's counsel in calling defendant in rebuttal as plaintiff's witness to ask him about one or more other claimed accidents which had no bearing upon the present case. This seems to have been a clear attempt to prejudice defendant with the jury. Connelly v. Nolte, supra, 237 Iowa 114, 131–

132, 21 N.W.2d 311, 319–320, and Johnson v. Kinney, 232 Iowa 1016, 1025–1027, 7 N. W.2d 188, 193–194, 144 A.L.R. 997, 1005–1006 consider related questions.

■ Under all circumstances we are not persuaded it was a clear abuse of the considerable discretion the trial court has in such matters to overrule plaintiff's motions for a mistrial and a new (third) trial.

III. No definite pronouncement is necessary as to the propriety of the court's rulings other than those denying a mistrial and a new trial.

■ We may say, however, that all written accident reports of an officer are without prejudice to the individual so reporting and are for the confidential use of the motor vehicle department. "A written report filed with the department shall not be admissible in or used in evidence in any civil case arising out of the facts on which the report is based." Section 321.271 Code, 1966.

"This statutory exclusion does not extend to what is observed nor to statements 'not intended as a report or as information given for such a report.' Pinckney v. Watkinson, supra, (254 Iowa 144, 155, 116 N.W.2d 258, 264), and Goodman v. Gonse, 247 Iowa 1091, 1104, 76 N.W.2d 873, (880)." Curry v. Jones, 258 Iowa 129, 133, 138 N.W. 2d 101, 104.

The Curry opinion goes on to hold "There was no error in admitting the patrolman's testimony. There is nothing to indicate from whom he obtained the information. The statute (321.271) protects the informant who is required to make a report but does not extend to other sources of information." See also Note 53 Iowa Law Review 427–428.

Curry v. Jones further holds: "The patrolman testified that his investigation revealed no evidence of excessive speed on the part of anyone. A statement that he found nothing is a statement of fact. He also testified as to what he could see. His answers were statements of fact and there was no error incident to his testimony." (page 134 of 258 Iowa, page 105 of 138 N.W.2d).

■ Defendant thus had a right to ask Officer Fogle as to his observations at the scene of the accident. We have also approved asking an officer experienced in motor vehicle accident investigation his opinion as to the point of impact based on skid marks and other facts observed by him. See Dougherty v. Boyken, Iowa, 155 N.W.2d 488 (filed January 9, 1968) and authorities cited; 53 Iowa Law Review 431–432.

The record reveals no evidence at the trial from which this appeal was taken that Officer Fogle could not locate the point of impact without resort to statements made to him in the preparation of his report. Although not shown by evidence introduced at the trial, he seems to have testified at the former trial, apparently on cross-examination, he could not establish the point of impact without relying on such statements. Of course he was not compelled to so testify on the second trial and should not do so if he concluded he was mistaken on this point before. We mention this not to demonstrate the court's ruling on plaintiff's motion in limine was wrong but to indicate the ground of the motion was not entirely clear and as bearing on the question of defense counsel's good faith in questioning the officer.

Further, the request made by plaintiff's counsel immediately before defendant placed Officer Fogle on the witness stand was more limited than the motion in limine. The request was merely that defense counsel not ask the witness about the point of impact without first taking the matter up with the court. This request, which was granted, was complied with and may have afforded reasonable basis for an honest belief it superseded the prior ruling on the motion in limine.

The officer's written report was first used in the second trial when he was cross-examined by plaintiff's counsel regarding certain check marks on the report although it was not then introduced in evidence.

The pertinent part of Code section 622.19 is "when part of (a) * * * writing is given in evidence by one party, the whole on the same subject may be inquired into by the other. * * *." We have held the interrogation by one party of the officer concerning the accident report prepared by him is a waiver by such party of section 321.271, supra, to the extent permitted by 622.19 just quoted. Martin v. Cafer, 258 Iowa 176, 184, 138 N.W.2d 71, 76.

The use by plaintiff's counsel of the accident report in cross-examining Officer Fogle, subsequent to the ruling on the motion in limine and to counsel's request when Fogle was called as a witness, may have afforded some basis for a good faith belief by defense counsel that the door had been opened and he was entitled to ask the questions he did on redirect examination of the officer.

Upon the above considerations and perhaps others, it is reasonable to assume the trial court felt defendant's counsel did not act in bad faith in asking the few questions now complained of. In any event the court concluded plaintiff was not entitled to an order for mistrial or a new trial and, as stated, we are not persuaded these rulings present a clear abuse of discretion.

Affirmed.

All Justices concur except RAWLINGS and BECKER, JJ., who dissent.

RAWLINGS, Justice (dissenting).

I respectfully dissent.

I. By timely motion plaintiff's counsel sought to limit certain evidence which might be presented by defendant. A court order was accordingly entered.

Basically a motion to limit evidence is a recognized method by which to suppress, in advance of trial, any reference to possible evidence, the mere mention of which would for some reason be prejudicial to the moving party. See address by Ross H. Sidney, Motion "In Limine", Workshop Outlines, Ninety-Second Annual Meeting of the Iowa State Bar Association, June 23, 24, 25, 1965, and 5 Washburn Law Journal 232.

The self-evident motivating purpose of plaintiff's counsel in seeking the limiting order was to prevent defense counsel from questioning the police officer, who had arrived at the scene of the accident after its occurrence, concerning point of impact of car with pedestrian. Basis of the motion was the fact the officer had previously admitted he could not answer such a question without relying on in-process-of-investigation-statements given by plaintiff and defendant. See section 321.271, Code, 1962, and Pinckney v. Watkinson, 254 Iowa 144, 154, 116 N.W.2d 258, and citations.

Discussion by the majority as to what transpired during direct, cross and redirect examinations, up to the point at which the allegedly prejudicial question was asked by defense counsel, while essential to an understanding of the case, should not be allowed to control or materially influence its disposition.

Rather it would appear attention should focus on the following portion of the record. During redirect examination, defense counsel asked the officer, "I think Mr. Pinegar has made reference to your report where you checked 'residential district'. I notice you have a check 'out of crosswalk'." Plaintiff's counsel promptly objected as highly improper and leading, moved it be stricken, counsel be admonished and the jury cautioned to give no consideration to the statement. The trial court then said, "Yes, it may go out and the jury will pay no attention to the statement."

This comment by defense counsel was in direct violation of the court order limiting

evidence to be offered during trial. As the author of one article explains, the motion to limit evidence should stand, " * * unless and until permission of the court is first obtained outside the presence and hearing of the jury", to disregard it. 5 Washburn Law Journal 232.

In my humble opinion an order in limine means what it says, or it means nothing at all.

In this case defense counsel did not ask a question, but rather made a statement. In any event he had not then obtained and in fact never did secure permission of the trial court to make that statement or ask any such question.

I submit defense counsel's violation of the order limiting evidence, in and of itself, constituted a compelling cause for a mistrial in this case.

II. Regardless of the foregoing it is submitted that at the moment defense counsel made reference to a check out of crosswalk, all possible damage had been done. Plaintiff's case was then prejudiced beyond any power of the trial court to remedy it by a simple jury caution. In this regard 39 Am.Jur., New Trial, section 65, page 81, states the general rule as follows: " * * * in many instances of misconduct in propounding questions concerning matters which counsel has no right to inquire into, the opposing counsel, if he makes objection, is necessarily placed in the false light of suppressing significant evidence and attempting to deceive the jury into rendering an unjust verdict. The good or bad faith of counsel, and the extent of his bad faith where it exists, are elements to be taken into consideration, but are not necessarily controlling; good faith is not a shield to a litigant whose counsel seriously errs in the matter under consideration." See also Chicago, B. & Q. R. Co. v. Kelley, 8 Cir., 74 F.2d 80, 86, and Annos. 109 A.L.R. 1089, 1093–1094.

Although there was no competent direct evidence introduced to the effect plaintiff was out of the crosswalk at time of impact the jury, in answer to special interrogatories, found plaintiff was not in the crosswalk when the accident occurred, which was a proximate cause of her injury. The jury's conclusion in this regard must have rested, either entirely or in substantial degree, on defense counsel's statement as to what the officer's report showed concerning plaintiff's location with respect to the crosswalk at time of the accident. To me this discloses prejudice of the most obvious kind, upon which a new trial should have been granted.

In addition I do not believe the fact that this case has twice been tried to different juries without a verdict for plaintiff should here be controlling.

The first trial resulted in a hung jury.

On the second trial defendant obtained a verdict substantially on the basis of introduction of prejudicial testimony known to have been proscribed by order of court.

I would reverse and remand for a new trial.

BECKER, J., joins in this dissent.