William D. MAYS and Sharon Mays, Appellants,

v.

C. MAC CHAMBERS COMPANY, INC. and Robert E. Andrews, Appellees.

No. 89–1418.

Supreme Court of Iowa.

Sept. 23, 1992.

Rehearing Denied Oct. 23, 1992.

David S. Wiggins of Wiggins and Anderson, P.C., West Des Moines, for appellants.

Ronald A. Riley of Hansen, McClintock and Riley, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Plaintiffs William and Sharon Mays, husband and wife, appeal from two district court rulings which overruled their motions for a new trial. Plaintiffs' first motion for a new trial was predicated upon defense counsel's alleged misconduct during trial in repeatedly violating a limine ruling by the district court. After the district court overruled this motion and the case was on appeal, plaintiffs moved to vacate the district court's prior ruling and judgment, claiming they were entitled to a new trial due to newly discovered evidence. The district court also overruled this motion.

Upon plaintiffs' appeal, the court of appeals reversed the district court's judgment. The court of appeals held that plaintiffs were entitled to a new trial due to newly discovered evidence; the court did not address plaintiffs' claim of defense counsel's alleged misconduct. Because we conclude that neither of plaintiffs' assertions warrant a new trial, we vacate the court of appeals decision and affirm the judgment of the district court.

I. *Background facts and proceedings.* Between January 28 and June 9, 1982, plaintiff William Mays purchased various amounts of automobile insurance through defendant Robert Andrews, an insurance agent working for defendant C. Mac Chambers Company, Inc. (Mac Chambers). With each purchase, defendant Andrews issued to William a binder or a certificate of coverage through the Travelers Insurance Company (Travelers), a company not involved in the present appeal. By the time of William's final purchase, it was his apparent

impression that he had, among other things, uninsured motorist coverage in the amount of $5.3 million.

In late July 1982, William and his wife Sharon were involved in an automobile accident with an uninsured motorist. Both plaintiffs sustained injuries as a result of the collision. After the accident, it became evident that Andrews had not obtained from Travelers the insurance which plaintiffs claim William had requested, and that plaintiffs William Mays and Sharon Mays had only $100,000 each of uninsured motorist coverage.

William and Sharon thereafter brought suit against several defendants, including Andrews and Mac Chambers. They claimed that the failure of Andrews and Mac Chambers to procure the requested insurance constituted, among other things, breach of contract, negligence, breach of fiduciary duty, negligent misrepresentation, and fraud. The case proceeded to trial in July 1989.

At an early stage of the trial, counsel for the plaintiffs made a motion in limine requesting the court to prohibit defense counsel from introducing any evidence of prior claims made by plaintiffs against other persons or companies. The district court sustained the motion, ruling at that stage of the trial that any claims plaintiffs had made against others were irrelevant and immaterial. The court stated that if defendants planned any questioning concerning such claims, defendants should first receive permission from the court to do so. However, at various times throughout the ensuing trial as the issues, including damages, were developed, defense counsel asked questions of certain witnesses which could be construed as referring to prior claims plaintiffs had made against others and the settlements they had received therefor. Plaintiffs' counsel objected to most of these questions; the district court sustained some of these objections and overruled others.

After approximately three weeks of trial, the jury returned a verdict for the defendants. The district court entered judgment in accordance with the jury's verdict, and plaintiffs thereafter made their motion for new trial. *See* Iowa R.Civ.P. 244(b). Plaintiffs contended defense counsel was "guilty of misconduct during the trial by continuously extending beyond" the district court's limine ruling. The district court disagreed, however, and overruled plaintiffs' motion. Plaintiffs appealed.

While plaintiffs' appeal was pending, they filed a petition to vacate the district court's judgment. We remanded the case to allow a hearing on the petition. They claimed that they were entitled to a new trial due to newly discovered evidence. *See* Iowa R.Civ.P. 252(f). This evidence consisted primarily of the testimony of three witnesses. After a hearing on the petition, the district court concluded that because plaintiffs knew of all three witnesses by the time of the original trial, they were not entitled to a new trial. Plaintiffs also appealed from this ruling.

Plaintiffs' appeals were consolidated, and we transferred the case to the court of appeals. *See* Iowa R.App.P. 401. That court concluded that plaintiffs were entitled to a new trial because the testimony of one of plaintiffs' witnesses at the hearing to vacate judgment constituted newly discovered evidence. We granted defendants' application for further review, and now consider the issues raised. *See* Iowa R.App.P. 402.

II. *Claim of attorney misconduct.* Plaintiffs first contend they are entitled to a new trial due to defense counsel's alleged misconduct. *See* Iowa R.Civ.P. 244(b). Plaintiffs assert that defense counsel's misconduct consisted of violating, on nine separate occasions, the district court's limine ruling prohibiting defense counsel from introducing evidence of prior claims made by plaintiffs against other persons or companies.

After reviewing those portions of the record cited by plaintiffs as demonstrating defense counsel's misconduct, we agree that defense counsel did, on more than one occasion, make a direct reference to prior claims made by plaintiffs against others. Some of these instances bore on the personal injuries and damages that plaintiffs

contended resulted from the 1982 accident. For example, defendants' attorney briefly questioned plaintiff Sharon Mays concerning injuries and claims she made resulting from a 1979 auto accident.

There are other portions of the record which plaintiffs cite, however, which do not necessarily support a claim of attorney misconduct. Rather, our review of these portions of the record reveals that defense counsel did nothing more than ask witnesses relatively benign questions which were not in direct violation of the district court's limine ruling. For example, defense counsel questioned plaintiff William Mays about his expertise, assets, and trading in the stock market. Defendants contended this line of questioning tended to rebut William's damages claim of a brain disorder resulting from the 1982 accident. In any event, we do not believe, based upon a consideration of the record as a whole, that defense counsel's conduct in asking questions was so improper and prejudicial to plaintiffs that they are entitled to a new trial.

We held in *Nepple v. Weifenbach*, 274 N.W.2d 728, 733 (Iowa 1979), that evidence of the plaintiff's prior claims or settlements was inadmissible within the context of that case. In doing so, we recognized that such evidence "could cause a jury to consider plaintiff to be accident prone, or litigious, or both." *Id.* We also recognized that " 'litigiousness, in the eyes of most people, reflects ... upon character' and that 'hostility [is] ordinarily felt against one who constantly requires services of a court of law for the adjustment of life's problems.' " *Id.* (quoting *Lowenthal v. Mortimer*, 125 Cal.App.2d 636, 642–43, 270 P.2d 942, 945–46 (1954)).

■ However, the general rule is that in order for the granting of a new trial based upon attorney misconduct to be warranted, the objectionable conduct ordinarily must have been prejudicial to the interest of the complaining party. *See Baysinger v. Haney*, 261 Iowa 577, 583, 155 N.W.2d 496, 499 (1968); Annotation, *Cross–Examination of Plaintiff in Personal Injury Action as to His Previous Injuries, Physical Condition, Claims, or Actions*, 69 A.L.R.2d 593, 596 (1960); 58 Am.Jur.2d *New Trial* § 160, 163, at 201–04 (1989). Thus, "unless it appears probable a different result would have been reached but for claimed misconduct of counsel for the prevailing party," we are not warranted in granting a new trial. *See Baysinger*, 261 Iowa at 582, 155 N.W.2d at 499; *see also Yeager v. Durflinger*, 280 N.W.2d 1, 8 (Iowa 1979).

Furthermore, we have held that the trial court "has considerable discretion in determining whether alleged misconduct, if there was such, was prejudicial." *See Baysinger*, 261 Iowa at 581, 155 N.W.2d at 498.

> [T]he trial court has before it the whole scene, the action and incidents of the trial as they occur, and is in a much better position to judge whether the defendant has been prejudiced by misconduct of opposing counsel, if there is such.... The trial court occupies a position of vantage and is rightly given a considerable discretion in determining whether prejudice has resulted.

*Id.* at 582, 155 N.W.2d at 499 (quoting *State v. Jensen*, 245 Iowa 1363, 1368, 66 N.W.2d 480, 482 (1954)); *see also Berg v. Des Moines General Hospital Co.*, 456 N.W.2d 173, 178 (Iowa 1990).

■ Thus, "[w]e will not interfere with the court's determination of such a question unless it is reasonably clear discretion has been abused." *Baysinger*, 261 Iowa at 581, 155 N.W.2d at 498. Furthermore, we have said that an abuse of discretion will not be found unless a party shows that such discretion was exercised by the court on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982).

■ Although we do not approve of any instances in this case where defense counsel asked questions in violation of the district court's limine ruling, we nevertheless cannot say that the district court abused its discretion in overruling plaintiffs' motion for new trial based thereon. More specifically, we cannot say that it is probable a different result would have been reached

but for defense counsel's conduct in asking questions which violated the district court's limine ruling. *Cf. Brooks v. Gilbert,* 250 Iowa 1164, 98 N.W.2d 309 (1959) (counsel's attempt, by thirteen questions to which objections were sustained, to introduce hearsay evidence, constituted prejudicial error).

Indeed, those portions of the record which plaintiffs cite in support of their theory of attorney misconduct constitute only a handful of pages in a record comprised of thousands of pages of testimony and over 225 exhibits. And although plaintiffs are concerned that defense counsel's conduct at trial may have caused the jury to perceive plaintiffs as being litigious, plaintiffs made no objection at trial and make none on appeal to defense counsel's cross-examination of one of William's examining psychologists:

Q: Is it your impression or your opinion that Mr. Mays is preoccupied with litigation?

A: Absolutely.

Q: With this litigation?

A: If it wasn't this litigation, it would be other litigation. He's preoccupied with his previous litigation. He's preoccupied with the previous defense attorneys, and he's preoccupied with previous representation. He's preoccupied. It's something he can't stop talking about and can't stop thinking about.

In sum, we conclude that the district court did not abuse its discretion in overruling plaintiffs' motion for a new trial. Accordingly, we affirm the district court's judgment as to this assignment of error.

■ III. *Claim of newly discovered evidence.* Plaintiffs next contend they are entitled to a new trial due to newly discovered evidence. In support of their claim, plaintiffs point to the testimony of three witnesses which plaintiffs presented at the hearing on their petition to vacate the district court's judgment. *See* Iowa R.Civ.P. 252(f). The district court concluded that because plaintiffs knew of all three witnesses by the time of the original trial, plaintiffs were not entitled to a new trial. The court of appeals nevertheless reversed the district court, reasoning that one of the witnesses' testimony constituted newly discovered evidence warranting a new trial. We review the district court's decision for abuse of discretion. *See Yoder v. Iowa Power & Light Co.,* 215 N.W.2d 328, 334 (Iowa 1974).

■ As a general matter, a court may grant a new trial based upon "[m]aterial evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial...." *See* Iowa R.Civ.P. 244(g), 252(f). Generally, a party must make the following showing in support of a motion for new trial based upon newly discovered evidence:

[T]hat the evidence is newly discovered and could not, in the exercise of due diligence, have been discovered prior to the conclusion of the trial; that it is material and not merely cumulative or impeaching; and that it will probably change the result if a new trial is granted.

*See In the Interest of D.W.,* 385 N.W.2d 570, 583 (Iowa 1986); *Yoder,* 215 N.W.2d at 335. However, we do not favor motions for new trial based on newly discovered evidence, *Interest of D.W.,* 385 N.W.2d at 583, primarily because " '[t]here must be repose to litigation.' " *Yoder,* 215 N.W.2d at 335. With these principles in mind, we now lay this case to rest.

■ A. At the time of the original trial, defendants subpoenaed William Mays' file from Holmes Murphy, an insurance agency in Des Moines. A set of handwritten notes, identified as exhibit 222, was found in the file by plaintiffs and identified as apparently having been prepared by a Holmes Murphy employee.

At the hearing on plaintiffs' petition to vacate the district court's judgment, plaintiffs presented the testimony of Dana Bryant Silverstein, a former employee of Holmes Murphy. Silverstein testified that in April 1985, long before the trial of plaintiffs' claims, William and his attorney came to her office in order to purchase some insurance. She stated that William told her that he had uninsured motorist coverage with the Cincinnati Insurance Company

through the Mac Chambers agency. She called Mac Chambers about William's statements, and someone at Mac Chambers apparently verified those statements. However, Silverstein then called the Cincinnati Insurance Company and was told that William did not have the uninsured motorist coverage he claimed he had. During her telephone calls with Mac Chambers and the Cincinnati Insurance Company, Dana took handwritten notes which were the same ones later identified at trial as exhibit 222.

On this appeal, plaintiffs contend that this testimony constituted newly discovered evidence about plaintiffs' claims against Mac Chambers concerning their insurance coverage, thus warranting a new trial. They assert that Silverstein's testimony was not procured during trial because when plaintiffs' counsel contacted her during the trial, she denied knowing anything about exhibit 222. However, Silverstein testified at the hearing on plaintiffs' petition to vacate the district court's judgment that her earlier denial was merely a lie to avoid being involved in litigation. Plaintiffs argue that these facts demonstrate that Silverstein's testimony "could not with reasonable diligence" have been discovered during trial and therefore constitutes grounds for a new trial. The court of appeals agreed with plaintiffs' assertions and reversed the district court on this basis alone.

We do not agree with plaintiffs' assertions that Silverstein's testimony "could not with reasonable diligence have been discovered" before or during the trial of their claims. As she testified, the events surrounding the preparation of exhibit 222 occurred in April 1985, long before the trial of plaintiffs' claims. Furthermore, she testified, without contradiction, that William and his attorney were present in her office, by her desk, while she had the two conversations with Mac Chambers and the Cincinnati Insurance Company. Furthermore, she stated that she gave William a copy of a portion of her notes before he left. Plaintiffs presented no evidence that they conducted a search for the copy of Silverstein's notes which she stated she had given to William.

Based upon these facts, we do not agree with plaintiffs' assertions that Silverstein's testimony "could not with reasonable diligence have been discovered and produced at trial." *See* Iowa R.Civ.P. 244(g), 252(f). The testimony also would only be impeaching and was of questionable relevancy to the issues in the main trial. We agree with the district court ruling as to this assignment.

■ B. Plaintiffs also assert that the testimony of Annette Karlinsky Enis constitutes newly discovered evidence warranting a new trial. Enis, a former employee of Travelers, testified at the hearing on plaintiffs' motion to vacate the district court's judgment about Travelers' practices in issuing automobile insurance policies. Because this testimony contradicted the trial testimony of defendant Andrews, plaintiffs claim they are entitled to a new trial. We disagree.

As with the testimony of Silverstein, we cannot say that Enis "could not with reasonable diligence have been discovered and produced at trial." *See* Iowa R.Civ.P. 244(g), 252(f). Indeed, plaintiffs should have known of Enis as early as December 1988, which was several months before the original trial, when defendant Andrews' deposition was taken. During that deposition, Andrews mentioned Enis' name on more than one occasion as the person he dealt with at Travelers. Furthermore, the record reveals that plaintiffs did not attempt to contact Enis until after their original trial. These facts reveal that plaintiffs did not exercise reasonable diligence in attempting to locate Enis.

C. Finally, plaintiffs contend that the testimony of Linda Moore, a former employee of Mac Chambers, constitutes newly discovered evidence. However, our review of the cited portions of Moore's testimony reveals that it is at best merely impeaching and would not change the result of the original trial.

IV. *Disposition.* In sum, we conclude that defense counsel's conduct in introducing evidence of plaintiffs' prior claims or settlements was not so prejudicial to plain-

tiffs as to warrant the granting of a new trial. Furthermore, we conclude that plaintiffs are not entitled to a new trial based upon newly discovered evidence.

Accordingly, we vacate the court of appeals decision and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED. ·