## IN THE COURT OF APPEALS OF IOWA

No. 15-1372
Filed October 12, 2016

**CAR WASH CONSULTANTS, INC.,**
　　　Plaintiff-Appellant,

**vs.**

**N/S CORPORATION,**
　　　Defendant-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Sean W. McPartland, Judge.

Plaintiff appeals from a judgment entered following a jury trial on consequential damages for breach of implied warranty. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

Michael McDonough and Graham R. Carl of Simmons, Perrine, Moyer, Bergman, P.L.C., Cedar Rapids, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

This matter comes before the court a second time. The facts and circumstances giving rise to this litigation are set forth in our prior opinion and need not be set forth in full herein. *See N/S Corp. v. Car Wash Consultants, Inc.*, No. 11-0174, 2012 WL 1439084, at *1 (Iowa Ct. App. Apr. 25, 2012). In sum, this litigation concerns a car wash manufactured by N/S Corporation and distributed and installed by Car Wash Consultants, Inc., (hereinafter "CWC"). CWC installed the car wash in a facility owned by James Martinez. The car wash suffered from several defects that caused Martinez's business to suffer. N/S filed suit against CWC on an open account, and CWC asserted counterclaims, including a claim for breach of the implied warranty of merchantability. The jury found for N/S on its open-account claim and for CWC on its implied-warranty claim. In the prior appeal, we concluded the district court erred in declining to instruct the jury it could award consequential damages for breach of the implied warranty. *See id.* at *13. We remanded this matter for trial on that issue. The gist of CWC's claim for consequential damages is it lost the sale of a second car wash system to Martinez after Martinez's bad experience with the car wash at issue. The jury found CWC failed to prove it suffered consequential damages, and the district court entered judgment accordingly.

I.

CWC challenges the jury's verdict, contending the district court erred in denying its motion for new trial. Our standard of review depends on the grounds asserted in the motion for new trial. *See Olson v. Sumpter*, 728 N.W.2d 844, 848 (Iowa 2007). Here, CWC argues the verdict was not supported by substantial

evidence and failed to administer substantial justice between the parties. "We review a district court's ruling on sufficiency of the evidence for correction of errors at law." *Crow v. Simpson*, 871 N.W.2d 98, 105 (Iowa 2015). We review the verdict to determine whether it is supported by substantial evidence. "Evidence is substantial if reasonable minds would accept the evidence as adequate to reach the same findings. In reviewing whether a verdict is supported by substantial evidence, we view the evidence in the light most favorable to the verdict, taking into consideration all reasonable inferences the jury may have made." *Id.* (citations omitted). "We review a district court's denial of a new trial for failure to administer substantial justice for an abuse of discretion." *Id.* "We will find an abuse of discretion only when a district court has exercised its discretion 'on grounds clearly untenable or to an extent clearly unreasonable." *Id.* at 108 (citation omitted).

We recently set forth the law regarding consequential damages caused by breach of the implied warranty of merchantability:

> A buyer may recover consequential damages from a breaching seller pursuant to Iowa Code section 554.2715. Recoverable consequential economic losses include loss of profits resulting from failure of the goods to function as warranted, loss of goodwill, loss of business reputation, and other loss proximately resulting from a defective product beyond direct economic loss.
>    The buyer who has accepted goods and then discovers their defects must show that the seller had reason to know at the time of contracting of the buyer's possible losses caused by a breach to recover consequential damages. The losses must be foreseeable, and losses are foreseeable if they follow in the ordinary course of events, but also as a result of special circumstances. Iowa courts focus on whether the *type* of damages was foreseeable rather than whether the specific injury itself was foreseeable.

*Trs. of the Iowa Laborers Dist. Council Health & Welfare Tr. v. Ankeny Cmty. Sch. Dist.*, 865 N.W.2d 270, 276–77 (Iowa Ct. App. 2014) (citations and marks omitted).  Here, the jury instruction regarding consequential damages correctly set forth the law, and neither party challenges the substance of the instruction.

To establish its claim for consequential damages, CWC was required to prove the breach of the implied warranty was a cause of consequential damages. *See NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 468 (Iowa 2010); *Primmer v. Langer*, No. 13-0930, 2014 WL 4930456, at *5 (Iowa Ct. App. Oct. 1, 2014); *see also Fed. Signal Corp. v. Safety Factors, Inc.*, 886 P.2d 172, 188 (Wash. 1994) (en banc) (explaining the defective goods must have been the cause of lost sales).  There is no evidence the breach of the implied warranty—the sale of defective goods—caused CWC consequential damages in the form of a lost sale to Martinez.  The evidence is to the contrary.  Martinez purchased another N/S system but from a different distributor, from which the jury could have inferred Martinez selected another distributor for some reason other than dissatisfaction with N/S's product.  CWC actually concedes the issue.  In support of its argument, CWC repeatedly stresses Martinez selected another distributor because N/S blamed CWC for defective installation of the car wash and encouraged Martinez to purchase N/S's product through another distributor. Even crediting CWC's theory of the case, CWC only proved it suffered consequential damages because of N/S's interference with CWC's relationship with Martinez.  While N/S's interference may or may not have been improper, its interference with CWC's customer relationship is not a breach of implied warranty.

Independently, there are additional reasons to affirm the district court's denial of CWC's challenge to the jury verdict. The jury could have inferred from the evidence Martinez selected another distributor for its second car wash for a variety of reasons. *See Clancy v. City of Dubuque*, No. 10-0004, 2010 WL 3894450, at *9 (Iowa Ct. App. Oct. 6, 2010) (stating we must consider "all reasonable inferences that could be fairly made by the jury"). The evidence showed the second distributor presented a better bid than CWC and CWC never rebid the job. There is also evidence Martinez thought CWC were "morons" and did not want to deal with them anymore. In addition, CWC's documentation of lost profit on any potential sale was lacking. Ultimately, this was a question of fact for the jury. When the evidence is viewed in the light most favorable to the verdict, *see Wilson v. IBP, Inc.*, 558 N.W.2d 132, 144 (Iowa 1996) ("We are obligated to view the evidence in the light most favorable to the jury verdict."), the verdict is supported by substantial evidence and administers substantial justice between the parties. The district court did not err or abuse its discretion in denying CWC's motion for new trial.

## II.

CWC challenges an evidentiary ruling. CWC contends the district court erred in allowing N/S to ask questions regarding other litigation between CWC and another car wash manufacturer. "We review the district court's determination of relevancy and admission of relevant evidence for an abuse of discretion. An abuse of discretion exists when the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Mohammed v. Otoadese*, 738 N.W.2d 628, 631–32 (Iowa 2007).

A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law. *See Waits v. United Fire & Cas. Co.*, 572 N.W.2d 565, 569 (Iowa 1997).

The general rule is relevant evidence is admissible and irrelevant evidence is inadmissible. *See* Iowa R. Evid. 5.402. Relevant evidence is that having "any tendency to make the existence of any fact that is of consequence to the determination of the [present] action more probable or less probable." Iowa R. Evid. 5.401. Relevancy is contextual, dependent upon the relationship between the issues raised, the other evidence introduced, and the applicable law. *See Gibson v. Buckley*, No. 14-1108, 2015 WL 2394116, at *3 (Iowa Ct. App. May 20, 2015). N/S sets forth a convoluted explanation of why the other litigation was relevant to prove spoliation in this case and why the evidence was useful for impeachment purposes. We reject the claimed bases of relevancy. *See, e.g., United States v. Ealy*, No. 1:00CR00104, 2002 WL 1205035, at *4 (W.D. Va. June 3, 2002) (disallowing evidence where the "arguments of relevancy hinge on a series of convoluted inferences and inject issues collateral to those in this case"). CWC's litigation with another manufacturer was wholly unrelated to the limited, single issue tried in this case—whether N/S's breach of an implied warranty resulted in consequential damages to CWC.

We reiterate the supreme court's admonition regarding the use of prior litigation:

> We note, however, that it is the duty of trial courts, upon timely objection, to prevent the introduction of evidence regarding unrelated prior claims. Such evidence can be very distracting and improperly impugn the merits of the case being tried. Our ruling in this case should not be read as tacit approval for introducing

inadmissible evidence on a pinch-of-salt basis. Our standard for reversal may prove inadequate in the event the trial bar continues to be successful at introducing inadmissible evidence of prior unrelated claims. At this time, we rely upon trial judges to resist creative efforts to inject potentially prejudicial, irrelevant evidence into the record.

*Mohammed*, 738 N.W.2d at 633–34.

The lack of relevancy does not end the inquiry. The erroneous admission of evidence does not require reversal unless a substantial right of the party is affected. *See* Iowa R. Evid. 5.103(a). "In other words, the admission of evidence must be prejudicial to the interest of the complaining party. This requires a finding that it is probable a different result would have been reached but for the admission of the evidence or testimony." *Mohammed*, 738 N.W.2d at 633.

We conclude CWC failed to establish prejudice. CWC does not argue it suffered prejudice; instead, it argues this court should overrule *Mohammed* and hold prejudice should be presumed. "We are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). In addition, as in *Mohammed*, the questions were only a small part of a lengthy trial. *Cf. Mohammed*, 738 N.W.2d at 633 ("The questioning was brief in the context of a seven day trial."). Any prejudicial effect was further minimized because this was a single-issue trial on damages where the jury was instructed breach had already been found. The prior litigation had little bearing on the question of damages. *See id.; Mays v. C. Mac Chambers Co.*, 490 N.W.2d 800, 804 (Iowa 1992) (finding defense counsel's questions concerning plaintiff's prior claims against other persons or companies were improper but not prejudicial). Thus, the district court did not err by denying a new trial on this ground.

III.

CWC challenges a jury instruction. CWC contends the district court erred in submitting a spoliation instruction to the jury relating to CWC's purported destruction or failure to produce financial records related to its consequential damages. A spoliation instruction is justified if the party requesting the instruction has presented substantial evidence that: (1) the evidence in question existed; (2) the evidence was in the possession or under the control of the party charged with the destruction of the evidence; (3) the evidence would have been admissible at trial; and (4) the party responsible for its destruction did so intentionally. *State v. Hartsfield*, 681 N.W.2d 626, 630 (Iowa 2004). We review a trial court's refusal to give a spoliation instruction for an abuse of discretion. *See Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). However, the trial court does not have discretion to refuse a spoliation instruction when the defendant has generated a jury question on the spoliation inference. *Hartsfield*, 681 N.W.2d at 631. Instructional error is not reversible error unless there is prejudice. *State v. Piper*, 663 N.W.2d 894, 914 (Iowa 2003), *overruled on other grounds by State v. Hanes*, 790 N.W.2d 545, 556 (Iowa 2010).

We conclude the instruction was warranted and, in any event, non-prejudicial under the facts and circumstances of this case. The record reflects CWC was on notice to preserve certain financial records to prove its claim for consequential damages but failed to preserve them. Instead, it produced a summary of the underlying financial records. After this litigation had been pending for years, CWC produced some of the requested records five days prior to trial, precluding N/S from effective examination of the records. More

important, as set forth above, CWC's theory of the case related to N/S's interference with CWC's relationship with Martinez rather than proving N/S's breach of warranty caused consequential damages. CWC's claim for consequential damages for breach of implied warranty was doomed to fail based on CWC's theory of the case. Under the circumstances, we conclude CWC was not prejudiced by the instruction. *See Strasser v. Yalamanchi*, 783 So.2d 1087, 1094 (Fla. Dist. Ct. App. 2001) ("Simply stated, the evidence presented to the jury was such that the verdict was not likely affected by the erroneous instruction.").

IV.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**