# IN THE COURT OF APPEALS OF IOWA

No. 19-0292
Filed March 18, 2020


**RICKY SNIPES and LIBBY SNIPES,**
Plaintiffs-Appellants,

**vs.**

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY and PAMELA JEAN CORNELIUS,**
Defendants,

**and**

**TODD BARTLEY CORNELIUS,**
Defendant-Appellee.

_____


Appeal from the Iowa District Court for Pottawattamie County, Margaret Popp Reyes, Judge.


The plaintiffs appeal from the denial of their motions for judgment notwithstanding the verdict and new trial regarding their negligence claim. **AFFIRMED.**


TJ Pattermann and Eric Hansen of Law Office of Gallner & Pattermann, P.C., Council Bluffs, for appellants.

Brandon J. Crainer of Fraser Stryker PC LLO, Omaha, Nebraska, for appellee.


Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

The plaintiffs appeal from the denial of their motions for judgment notwithstanding the verdict and new trial regarding their negligence claim. Finding no abuse of discretion or errors of law, we affirm.

Ricky Snipes[1] sued Todd Cornelius after their cars collided in a parking lot—Cornelius was backing out of a parking spot and Snipes was traveling down the parking lane. Cornelius's pickup truck had damage to the rear bumper. Snipes's vehicle had damage to the front and rear passenger-side doors. Both drivers asserted the other failed to exercise a proper look out.

After a two and one-half day trial, the parties gave their closing arguments. Cornelius's counsel argued in part:

> It comes down to this, Ladies and Gentlemen, ask yourself who had the better chance and ability to avoid the accident by exercising reasonable care? Plaintiff. You're driving down a parking aisle, you're looking in front of you, making sure there's nothing coming out, there's no kids coming out, there's no cars coming out, there's no cart guy, if there's cart guy even there, you're looking in front of you. You're supposed to be keeping a proper lookout. He was looking left. He wasn't keeping a proper lookout. Todd was. Todd can't look to the rear and back right the whole time. That wouldn't be keeping a proper lookout. You can't just look in one direction the whole time and say do I think I maybe see a car, do I think I maybe see a car? You have to look all around you. Your head's on a swivel.
> . . . .
> Now, yes, he said, I believe, when the accident happened he was looking in front of him. Well, he's seven to eight feet out into the aisle. His car is out in the aisle. It's clearly visible. At that point, I believe it's reasonable, he's acting reasonably by looking in front of him and looking, okay, am I gonna clear that? If I'm parked next to a car, I'm checking to see if I'm going to hit that car. If I'm parked next to a corral, I want to make sure I don't cause property damage to the corral.

---

[1] Libby Snipes was also a party, asserting loss of consortium. We will refer to the plaintiffs collectively as "Snipes."

Put yourselves in Todd's shoes. You're reversing, you're checking all of your angles, no one is—

At this point Snipes's counsel asked for a sidebar discussion. After the sidebar, defense counsel's argument proceeded.

Before closing arguments and during discussion of the court's proposed jury instruction, Snipes argued:

We had proposed Jury Instruction 600.22[2] regarding backing on a highway. While not proposing the specific stock since we were on private property, I think the basis for that law for that instruction regarding extra care due by someone who is backing would be warranted, so we had asked that an instruction similar to that be included, just not referencing the highways.

The court denied the request.

The jury was instructed:

**JURY INSTRUCTION NO. 28**
**Defendant's Proposed Comparative Fault - Single Plaintiff - Essentials for Recovery.** The Plaintiffs claim Defendant Todd Bartley Cornelius was at fault in one or more of the following particulars:
(a) In failing to keep and maintain a proper lookout;
(b) In failing to operate his vehicle in a prudent and reasonable manner for the circumstances then and there existing; or
(c) In failing to have his vehicle under proper and reasonable control.
These grounds of fault will be explained to you in other instructions. The Plaintiffs must prove all of the following propositions:
(1) Defendant Todd Bartley Cornelius was at fault. In order to prove fault, the Plaintiffs must prove a, b, or c above.
(2) Defendant Todd Bartley Cornelius's fault was a cause of Plaintiffs' damages.

---

2 The Iowa State Bar Association's Uniform Jury Instruction 600.22 states:
**Backing Vehicle On Highway.** No person shall drive a vehicle on a highway in reverse unless it can be done with reasonable safety. The driver shall yield the right of way to any approaching vehicle on the highway or intersecting highway which is close enough to constitute an immediate danger.
A violation of this law is negligence.

    (3) The amount of damage.
     If the Plaintiffs have failed to prove any of the propositions,
Plaintiffs are not entitled to damages. . . .

The jury returned a verdict finding Cornelius was not at fault.[3]

Snipes then filed a motion for judgment notwithstanding the verdict, asserting "[t]he jury's decision was clearly influenced by the defense counsel arguing that they 'should put themselves in my client's shoes.'" Snipes filed a motion for a new trial on that same ground and also argued the court erred in failing to instruct the jury "on the violations in backing up a vehicle." The district court denied the posttrial motions.

Snipes appeals.

Snipes contends the district court should have granted their motion for judgment notwithstanding or new trial based on defense counsel's "golden rule" violation in closing argument. "A 'golden rule' argument is where counsel asks the jurors to put themselves in the place of a party or victim. Courts frown upon this type of appeal to the emotions or personal interests of the jurors." *Tibodeau v. CDI, LLC*, No. 16-0560, 2017 WL 2665107, at *4 (Iowa Ct. App. June 21, 2017) (citation omitted). "These rules ensure the case is decided solely on the evidence." *State v. Musser*, 721 N.W.2d 734, 755 (Iowa 2006).

Our review of rulings on a motion for new trial depends on the grounds asserted in the motion. *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012). "If the motion [for a new trial] is based on a discretionary ground such as misconduct it is reviewed for an abuse of discretion." *Id.* (alteration in original) (quoting *Loehr v.*

---

[3] The jury answered "NO" to question No. 1 of the special verdict forms: "Was the Defendant, Todd Bartley Cornelius, at fault?"

*Mettille*, 806 N.W.2d 270, 277 (Iowa 2011)). "An abuse of discretion consists of a ruling which rests upon clearly untenable or unreasonable grounds." *Loehr*, 806 N.W.2d at 277 (citation omitted).

When faced with a motion for new trial premised on alleged misconduct by counsel, courts must undertake a two-step inquiry. *See Mays v. C. Mac Chambers Co.*, 490 N.W.2d 800, 802–03 (Iowa 1992). First, the court must determine whether counsel made improper statements to the jury. *See id.* If the court finds the attorney engaged in misconduct, the general rule is that a new trial will be granted only if the objectionable conduct resulted in prejudice to the complaining party. *Id.* at 803. "'[U]nless it appears probable a different result would have been reached but for the claimed misconduct of counsel for the prevailing party,'" the court is not warranted in granting a new trial. *Id.* (citations omitted).

Here, the district court reasoned:

> First, Defense counsel made the statement about the defendant in the context of what the defendant was doing at the time he was backing out of his parking stall . . . . Defense counsel's statement was not used on the context of damages. The record shows that the comment was brief and immediately interrupted by plaintiffs' counsel. While plaintiffs' counsel did not formally object to defense counsel's statement, an off the record sidebar discussion was held with the attorneys. Following the sidebar discussion, defense counsel immediately moved on from the comment and did not make any further reference to putting themselves in the defendant's shoes.
> While plaintiffs now argue that the statement requires the court to grant a new trial, plaintiffs' counsel failed to object and request a curative instruction from the court after the comment was made. Furthermore, the jury instructions fully and fairly informed the jury as to the parties' burdens, fault, and to avoid personal sympathy or bias in rendering a decision.

The court's ruling is neither clearly untenable nor based on unreasonable grounds.

Snipes also complains the court erred in failing to provide the jury with the proposed instruction concerning backing up.

"[W]e review refusals to give a requested jury instruction for correction of errors at law." *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). "Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions." *Id.* (citation omitted).

We conclude the district court properly instructed the jury that a driver must maintain a proper lookout and act reasonably. Snipes provides no authority that the proposed instruction is applicable to the facts of the case. Finding no error, we affirm.

**AFFIRMED.**